PEOPLE *v.* DALE H. HUGHES, INC.

1. AUTOMOBILES—RETAIL INSTALMENT SALES CONTRACT ACT—STATE-MENT OF CHARGES—VIOLATION.

Since the motor-vehicle retail instalment sales contract act is not a criminal statute, the only effect of a violation thereof as to dealer's furnishing of detailed statement of charges is the loss of civil rights by barring recovery of finance charge (Act No. 305, § 2, Pub. Acts 1939).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATUTES—REPEAL.

Where an appellant concedes that one statute did not repeal another statute, there is no occasion for the Supreme Court to consider whether there was either an express or implied repeal (1 Comp. Laws 1929, § 4671, as amended by Act No. 280, Pub. Acts 1937, and Act No. 151, Pub. Acts 1943; Act No. 305, § 2, Pub. Acts 1939).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] Statute or ordinances licensing or regulating business of selling motor vehicles.   126 A.L.R. 740.

[1–3] Civil rights and liabilities as affected by failure to comply with statute upon sale of motor vehicle.   37 A.L.R. 1465; 52 A.L.R. 701; 63 A.L.R. 688; 94 A.L.R. 948.

3. Criminal Law—Due Process—Confusion Between Statutes. Where motor-vehicle title act with which defendant dealer was charged as a violator because of his failure to furnish a statement at the time of sale showing separately the amount of the finance and insurance charges as clearly required by that act, it was not a denial of due process to invoke the criminal penalty therein provided merely because the motor-vehicle retail instalment sales contract act permitting dealer to give a statement at time of sale combining such charges and later furnishing a statement separately itemizing such charges tended to create some uncertainty (1 Comp. Laws 1929, § 4671, as amended by Act No. 151, Pub. Acts 1943; Act No. 305, § 2, Pub. Acts 1939).

Appeal from Recorder's Court of the City of Detroit; Krause (Paul E.), J. Submitted April 15, 1948. (Docket No. 57, Calendar No. 44,006.) Decided June 14, 1948.

Dale H. Hughes, Inc., and Dale H. Hughes were convicted of failing to deliver to the purchasers of a motor vehicle the written statement required by motor-vehicle title act. Affirmed.

*Harry F. Kelly* and *Wilfrid L. Cloutier,* for appellant.

*Eugene F. Black,* Attorney General, *James N. McNally,* Prosecuting Attorney, and *Robert N. Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

Boyles, J. The defendant is engaged in the business of dealing in motor vehicles in Detroit. On September 15, 1947, he was tried before a judge of the recorder's court of Detroit and found guilty on a complaint charging that he sold the complainant a certain automobile, "and that prior to and concurrent with said motor vehicle sale, the seller did not deliver to him (the purchaser) a written statement

describing clearly the motor vehicle sold to the buyer, the cash sale price thereof, the cash paid down by him, the amount credited him for any trade-in, and charged for motor-vehicle insurance, the amount of any other charge specifying its purpose, the net balance due from him, the terms of the payment of such net balance, and a summary of any insurance coverage to be effected. Act No. 46, Pub. Acts 1921, as amended by Act No. 151, Pub. Acts 1943, contrary to the form of the statute, et cetera.

On leave granted, the defendant appeals. His claim is that he had complied with the requirements of the statute regulating motor-vehicle retail instalment sales contracts, Act No. 305, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13509-21 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 19.415 *et seq.*). This is conceded by the prosecution, but it claims that the above act is a civil act, and that compliance therewith does not relieve the defendant from criminal liability under section 14 of the motor-vehicle title act, Act No. 46, Pub. Acts 1921 (1 Comp. Laws 1929, § 4671), as amended (Comp. Laws Supp. 1945, § 4671, Stat. Ann. 1946 Cum. Supp. § 9.1482).

This case is one of several tried in the recorder's court resulting in convictions, and this appeal is for the purpose of obtaining an interpretation of two claimed inconsistent statutes. The motor-vehicle retail instalment sales contract act, *supra,* hereinafter called the instalment sales act, with which the defendant admittedly has complied, provides:

"Every retail instalment sale of a motor vehicle shall be evidenced by an instrument in writing signed by the retail buyer and a copy thereof shall be delivered to him by the retail seller at the time of its execution. An acknowledgment of the delivery thereof contained in the body of the instrument shall be conclusive proof of delivery in any action to enforce any obligation arising out of the retail instal-

ment sale brought by any successor in interest to the rights of the retail seller. The written instrument shall contain all of the agreements of the parties made with reference to the subject matter of the retail instalment sale and shall recite the following separate items as such and in the following order: (1) the cash price of the motor vehicle which is the subject matter of the retail instalment sale; (2) the amount in cash of the retail buyers' down payments, whether made in money or goods or partly in money and partly in goods; (3) the unpaid balance of the cash price payable by the retail buyer to the retail seller, which is the difference between items 1 and 2; (4) the cost to the retail buyer of any insurance the retail seller has agreed to procure, if the retail seller has agreed to purchase the insurance and extend credit to the retail buyer for the price thereof and if the term of such insurance is less than the contract period, the period of the coverage also shall be recited; (5) the principal balance owed on the retail instalment contract, which is the sum total of items 3 and 4; (6) the amount of the finance charge; (7) the time balance owed by the retail buyer to the retail seller and the number of instalment payments required and the amount and date of each payment necessary finally to pay the time balance, which is the sum total of items 5 and 6.

"Item 4 and item 6 may be added together and stated as one sum in the written instrument and, if so stated, item 5 may be omitted, but in such event the retail seller shall within 25 days after the making of the retail instalment contract, mail or cause to be mailed to the retail buyer at his address as shown on the retail instalment contract a statement reciting the separate amounts of all the items, 1 to 7, inclusive.   *   *   *

"Under a written instrument evidencing a retail instalment sale which does not substantially comply with the requirements of this section, the seller shall not be entitled to recover, collect or retain that part of the obligation which represents the finance charge

and the buyer shall not be liable therefor." Act No. 305, § 2, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13509–22, Stat. Ann. 1947 Cum. Supp. § 19.415[2]).

The above act became effective September 29, 1939. It is not a criminal statute and does not provide for violation thereof, except the above loss of civil rights.

Section 14 of the motor-vehicle title act, *supra,* on which this charge is based, requires that persons engaging in the business of dealing in motor vehicles shall obtain a license from the secretary of State, that the licensee shall keep a detailed book record of all purchases and sales of motor vehicles, and further provides that:

"Prior to or concurrent with any motor-vehicle sale, the seller shall deliver to the buyer a written statement describing clearly the motor vehicle sold to the buyer, the cash sale price thereof, the cash paid down by the buyer, the amount credited the buyer for any trade-in and a description thereof, the amount of the finance charge, the amount charged for motor-vehicle insurance, *[stating the types of insurance covered by the insurance policy or policies,] the amount of any other charge specifying its purpose, the net balance due from the buyer, the terms of the payment of such net balance and a summary of any insurance coverage to be effected. A duplicate copy of such statement shall be furnished by the seller and must be filed with the application for title or transfer of title." Act No. 46, § 14, Pub. Acts 1921, as amended (Stat. Ann. 1947 Cum. Supp. § 9.1482).

The above section concludes with a sentence stating that any person violating any of the provisions of said section shall be deemed guilty of a misdemeanor, with a maximum punishment of $100 fine or imprisonment for 90 days in the county jail, or both.

---

* Added by Act No. 250, Pub. Acts 1947, immaterial here.

In the instant case the defendant furnished the purchaser at the time of the sale a written statement as required by the instalment sales act. It did not state the amount of the insurance charge (item 4) and the amount of the finance charge (item 6) separately. These items were combined, and within 25 days thereafter the defendant furnished the purchaser a detailed statement reciting the separate amount of all items 1 to 7, inclusive, all of which was in accordance with the requirements of the instalment sales act, *supra*.

But this did not comply with the requirements of section 14 of the motor-vehicle title act on which the present charge is based. The latter act, which the defendant is expressly charged with having violated, requires that the seller "prior to or concurrent with any motor-vehicle sale" shall deliver to the buyer a written statement showing, among other things, the amount of the finance charge, and the amount charged for motor-vehicle insurance. This, the defendant did not do.

The above requirement was not in the motor-vehicle title act as first enacted in 1921. It was put into said act by Act No. 280, Pub. Acts 1937. It was repeated in said section 14 when it was re-enacted (with amendment) by Act No. 151, Pub. Acts 1943. It was in said act when the defendant sold the complainant here the automobile referred to in the complaint. The defendant points out that the instalment sales act was passed in 1939 (Act No. 305, Pub. Acts 1939, *supra*, effective September 29, 1939). But defendant does not claim that the instalment sales act repeals the aforesaid requirement added to the motor-vehicle title act by Act No. 280, Pub. Acts 1937. On the contrary, appellant's brief concedes:

"The (circuit) court, in its opinion, states that the retail instalment sales contract act of 1939 did not

repeal the 1937 enactment amending section 14 of Act No. 46, Pub. Acts 1921. Appellant does not differ with the court's contention in this respect."

In view of the above concession, we need not consider whether there was either an express or implied repeal. But appellant claims that the 1939 act constitutes "an exception" to the 1921 act, as amended in 1937. To some extent this might be true, without any effect on the construction of that part of the statutes now before us. The two acts differ essentially in that one is criminal, while the other is civil as regards punishment or remedy. Under the motor-vehicle title act, one who violates section 14 may be punished for a misdemeanor; while under the instalment sales act, one who violates section 2 is deprived of any right to recover his charges for finance. The 1921 act, as amended in 1937, refers generally to the licensing of all motor-vehicle dealers, the issuing and registration of titles, and the regulation of the purchase and sale of all motor vehicles and trailers. Section 2 of the 1939 instalment sales act does not amend section 14 of the 1937 motor-vehicle title act in the particular now before us as to the statement which the seller must furnish to the buyer before or at the time of the sale showing the details of the transaction. Furthermore, section 14 of the motor-vehicle title act was re-enacted as to the requirement here under consideration by Act No. 151, Pub. Acts 1943, and under its provisions the appellant is here charged with having committed a misdemeanor in 1947.

The complaint on which the defendant is charged specifically alleges the statute claimed to have been violated, Act No. 46, Pub. Acts 1921, as amended by Act No. 151, Pub. Acts 1943, the motor-vehicle title act. The defendant makes no claim here that he was not sufficiently informed by the complaint as to the

offense with which he was charged. We are not in accord with appellant's claim that Act No. 46, Pub. Acts 1921, as amended, in itself is so uncertain that it would be a denial of due process of law to invoke the penalty provided therein for a violation. The statute itself is clear enough—the uncertainty or confusion to which appellant refers arises by reason of another statute, the instalment sales act. Appellant relies on *People* v. *Sarnoff*, 302 Mich. 266 (140 A.L.R. 1206). But in that case a majority of the Court held that the ordinance under consideration was not vague and indefinite, and upheld a conviction under it. The case has no weight here, where appellant claims that the confusion lies not in the criminal act itself but because of a difference between it and another somewhat similar act.

Affirmed.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.