1. LICENSES—MOTOR VEHICLE TITLE ACT—VIOLATION OF ACT—QUO WARRANTO—REVOCATION OF LICENSE—CRIMINAL LAW.

   The furnishing of a written statement to the retail buyer of a motor vehicle which does not set forth separately, as required by the motor vehicle title act, the amount of the finance charge and the amount of the insurance charge, but lumps them together, as permitted by the motor vehicle retail instalment sales act, did not constitute a basis for ousting a licensee under the motor vehicle title act from privileges afforded by such license by way of quo warranto proceedings instituted in Supreme Court by the attorney general, where the title act provided only for revocation of the liecnse by the secretary of State for good cause shown or punishment as a misdemeanor (CL 1948, §§ 256.114, 556.302).

2. COSTS—QUO WARRANTO—PUBLIC QUESTION—LICENSES—MOTOR VEHICLE TITLE ACT.

   No costs are allowed in quo warranto proceedings, instituted by attorney general against licensee under motor vehicle title act to test validity of defendant individual's license to engage in the used-car business because of violation of act under which he was licensed, a public question being involved (CL 1948, § 256.114).

Eugene F. Black, Attorney General in and for the State of Michigan, filed information in nature of quo warranto to oust Lester Shaw, doing business as Dunn & Shaw, from exercise of franchises. Submitted February 23, 1950. (Docket No. 76, Calendar No. 44,061.) Dismissed May 18, 1950.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur, Quo Warranto, § 14.
[2] 14 Am Jur, Costs, § 91.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

DETHMERS, J.    This is a companion case to *Attorney General* v. *Contract Purchase Corporation, ante,* 636, in which opinion has this day been filed.    Defendant is a licensed used-car dealer involved in one of the transactions considered in that case.    Plaintiff claims here, as there, violation of the usury laws, the small loan act, and the insurance code, cited in that opinion.    Decision on those points in that case is conclusive here.

In addition, plaintiff claims in this case that quo warranto lies to test the validity of defendant's license to engage in the used-car business, urging that he should be ousted from the privileges afforded by such license because he violated section 14 of the motor vehicle title law (PA 1921, No 46, as amended [CL 1948, § 256.114 (Stat Ann 1947 Cum Supp § 9.1482)]).    The violation consists of furnishing a written statement to the buyer, required by section 14, which did not set forth separately, as required, the amount of the finance charge and the amount of the insurance charge, but lumped them together. The factual situation is similar to that in *People* v. *Dale H. Hughes, Inc.,* 321 Mich 573.    Here, as in that case, defendant's written statement given to the buyer did comply with the requirements of the motor vehicle retail instalment sales act (PA 1939, No 305 [CL 1948, § 566.302 (Stat Ann 1949 Cum Supp § 19.415[2])]).    In holding in that case that compliance with the latter act was no defense to a criminal charge under the former act, we stressed that the former was a criminal and the latter a civil act as regards punishment or remedy.    Plaintiff cites

no authority in this case for the proposition that violation of the former act in the respect noted, despite full compliance with the requirements of the latter act, constitutes grounds for the relief here sought. Section 14 of the motor vehicle title act itself makes no provision for such relief, but, on the contrary, provides that violations of the requirements of the section shall constitute misdemeanors, punishable as such, and it authorizes revocation of licenses thereunder by the secretary of State for good cause shown.

The information in the nature of quo warranto is dismissed, without costs, a public question being involved.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.