## LONG *v.* TOWNSHIP OF NORTON.

1. Buildings—Motel—Multiple    Dwelling—Ordinances—Statutes.

   A motel, designed so that each of the 8 rental units would have 280 square feet by exterior measurement, 2 windows, 1 door, and a 3-piece bath and for temporary occupancy by 2 persons, although others could be accommodated, *held*, a "multiple dwelling" within meaning of term as defined in, and permitted to be erected under, township zoning ordinance and State housing code (CL 1948, § 125.402; Norton Township Zoning Ordinance, art 4, § 17, art 5).

2. Townships—Zoning Ordinance—Building Permit.

   Trial court properly found that zoning ordinance provided manner and by whom permit should be issued for erection of motel

———————

References for Points in Headnotes

[1, 2]  58 Am Jur, Zoning, §§ 55, 63.

[1, 2]  Zoning: Creation by statute or ordinance of restricted residence districts within municipality from which business buildings are excluded.  19 ALR 1395; 33 ALR 287; 38 ALR 1496; 43 ALR 668; 54 ALR 1030; 86 ALR 659.

[1, 2]  Reasonableness and validity of zoning regulations prescribing minimum area for house lots, or requiring a certain area proportionate to the number of families to be housed.  141 ALR 693.

[1, 2]  Establishment, maintenance, and regulation of tourist or trailer camps by public authorities.  115 ALR 1398.

[3]  58 Am Jur, Zoning, §§ 238, 249.

[4]  58 Am Jur, Zoning, § 253.

containing rental units and space for owner's living quarters
and that plaintiff was entitled to proper permit (Norton Town-
ship Zoning Ordinance, art 4, § 17, art 5).

3. Action—Declaratory Decree—Actual Controversy—Motels.
   Existence of actual controversy between plaintiff landowners and
   township building inspector as to whether or not plaintiffs
   were entitled to building permit for erection of motel in "B"
   residence area as set forth in township zoning ordinance, which
   controversy did not turn upon any disputed issue of fact, en-
   titled plaintiff to use of declaratory decree without first having
   exhausted procedure before the township building inspector
   and the board of appeals (CL 1948, § 691.501).

4. Same—Townships—Zoning Ordinance—Motels—Parties—Dec-
   laration of Rights.
   Township itself was a proper party in landowners' suit for dec-
   laration of right to erect motel in "B" residence area, as
   classified in township zoning ordinance, and while no relief
   is sought against the township building inspector and the board
   of appeals, if necessary, the Supreme Court could and should
   add such officials as parties defendant (Court Rule No 72, § 1
   [1945]).

Appeal from Muskegon; Des Jardins (George
W.), J., presiding. Submitted April 12, 1950.
(Docket No. 51, Calendar No. 44,754.) Decided May
18, 1950.

Bill by J. Raymond Long and wife against Town-
ship of Norton to declare right of plaintiffs to build-
ing permit. Decree for plaintiffs. Defendant ap-
peals. Affirmed.

*R. Burr Cochran,* for plaintiffs.

*Joseph B. Legatz* and *Lloyd H. Cully,* for defend-
ant.

North, J. In this proceeding plaintiffs seek a
declaratory decree which will construe a controvert-
ed provision in the building regulations and zoning

ordinance of the defendant township. In the circuit court the construction sought by plaintiffs was placed on the ordinance provision. Defendant has appealed.

Plaintiffs purchased on land contract in Norton township, Muskegon county, a parcel of land on which they proposed to build a so-called motel. Plaintiffs discontinued construction when ordered so to do by the township building inspector, who threatened injunction proceedings. In its answer defendant "alleges the fact to be that the erection of the contemplated building is prohibited by the use restrictions, under the classification of 'B' residence, of said zoning ordinance." The site is located in that portion of the township which is included in the "B" residence district or zone as provided in the ordinance. The pertinent ordinance provisions read:

### "ARTICLE 5

" 'A' RESIDENCE DISTRICTS—Section 1 (A) Use regulations: Unless hereinafter provided, no building or premises shall be used and no building shall be hereafter erected or altered in any 'A' residence district except for one or more of the following uses: (1) Private dwellings; (2) Two-Family dwellings; (3) Churches; (4) Schools; (5) Libraries; (6) Private garages; (7) Accessory buildings and uses incident to any of the above uses when located on the same lot and not involving the conduct of business.

"No building shall be erected in any 'A' residence district for any commercial or industrial purposes including, but not limited to, gasoline filling stations, trailer camps, tourist cabins.   *   *   *

" 'B' RESIDENCE DISTRICTS—Section 2 (A) Use regulations: Unless hereinafter provided, no building shall be hereafter erected or altered in any 'B' residence district except for one or more of the following uses: (1) Any use permitted by this ordinance in 'A' residence district; (2) Apartments and *multiple dwellings;* (3) Hospitals; (4) Farming and truck

gardening; (5) Private clubs; (6) Nurseries or greenhouses."

The crux of the instant controversy is this: Does plaintiffs' proposed structure—a motel—come within the "B" zoning provisions of the ordinance which permit "multiple dwellings?" Admittedly this motel is primarily designed for temporary occupancy by transients. In appellant's brief it is described as follows:

"One of the plaintiffs described the contemplated building as consisting first of an 'L' shaped structure. The longer wing would contain 8 rental units. The shorter unit would contain the owner's living quarters, office, washing facilities, and utility room. They hoped that as business developed it would be made into an 'U' shaped unit by the addition of the other wing, which would also contain 8 living units. * * *

"The area of each room by exterior measurement would contain 280 square feet. Each room would have 2 windows but only 1 door. * * * Each room would also contain a bathroom in which would be a lavatory, water closet, and built-in shower. Each room would be designed for the use of 2 persons, although by the use of twin beds and cots, room could be made for additional occupants."

In defining the intended meaning of "certain words and terms" used therein, the ordinance in part provides:

"5. Dwelling, Single Family: A building occupied by but one family alone.

"6. Dwelling, Two-Family: A building arranged, intended or designed to be occupied by 2 families alone.

"7. Dwelling, Multiple: A dwelling occupied otherwise than as a single family or 2-family dwelling."

It will be observed that the word "dwelling" as used in the ordinance is not therein defined; but

there is contained in the ordinance this provision: "Any word not herein defined shall be construed as defined in the housing code of Michigan, PA 1917, No 167, and amendments thereto." Hence, for a definition of the term "dwelling" we must look to PA 1917, No 167, as amended. Section 2 of this act in part reads:                                    :

"Sec. 2.  Definitions.  *  *  *  (1) Dwelling.  A 'dwelling' is any house, building, structure, tent, shelter, trailer or vehicle, or portion thereof,  *  *  * which is occupied in whole or in part as the home, residence, living or sleeping place of 1 or more human beings, either permanently or transiently. * * *

"(2) Classes of dwellings.  For the purposes of this act dwellings are divided into the following classes:  (a) 'private dwellings,' (b) '2-family dwellings,' and (c) 'multiple dwellings.'  *  *  *

"(c) A 'multiple dwelling' is a dwelling occupied otherwise than as a private dwelling or 2-family dwelling.

"(3) Classes of multiple dwellings.  All multiple dwellings are dwellings and for the purpose of this act are divided into 2 classes, *viz.*:  Class a and class b.

"Class a.  *  *  *  This class includes tenement houses, flats, apartment houses, apartment hotels. *  *  *

"Class b.  Multiple dwellings of class b are dwellings which are occupied, as a rule transiently, as the more or less temporary abiding place of individuals who are lodged, with or without meals, and in which as a rule the rooms are occupied singly and without any attempt to provide therein or therewith cooking or kitchen accommodations for the individual occupants.  This class includes hotels, lodging houses, boarding houses, furnished-room houses, club houses, convents, asylums, hospitals, jails and all other dwellings similarly occupied, whether specifically enumerated herein or not."  CL 1948, § 125.402 (Stat Ann 1949 Rev § 5.2772).

In view of the pertinent provisions of the township building regulations and zoning ordinance and of the State housing and zoning statute, we agree with the circuit judge, who held and decreed, that "a motel, so called, is within the contemplation and meaning of the classification of 'multiple dwelling' as permitted under the classification of 'B' residential district under defendant's township zoning and building code now in force, and the court declares said proposed structure to be a multiple dwelling and a use permitted by said township zoning ordinance." In so holding we have in mind appellant's further contention that plaintiffs' proposed structure even as a "multiple dwelling" does not conform to article 4, section 17, of the township ordinance, which in part reads:

"Every dwelling hereinafter erected in a 'B' residence district shall have a minimum space of 576 square feet and shall consist of at least 3 rooms of which 1 shall contain at least 150 square feet."

Admittedly the separate units of the proposed motel do not have "a minimum (floor) space of 576 square feet," nor do each of the separate units "consist of at least 3 rooms." But this "multiple dwelling" considered as a whole, which we think a fair construction of the ordinance requires, clearly does comply with the ordinance provision last above quoted. If instead of considering this structure as a whole we apply the ordinance requirements to the separate units, we are not considering the structure as a multiple dwelling, which it is, but rather as several single abodes.

For reasons which need not be herein reviewed the circuit judge properly found:

"The zoning ordinance itself provides the manner and by whom the permit should be issued, and the

court will have to find there was no proper permit issued."

Appellant asserts that plaintiffs could not prosecute this suit for a declaratory decree without first having exhausted the procedure before the township building inspector and the board of appeals, as provided in the ordinance. This contention of appellant's is not tenable. The record clearly discloses an "actual controversy," decision of which does not turn upon any disputed issue of fact; and further that in this proceeding plaintiffs were not granted in the circuit court, nor do they ask in this Court, "any consequential relief." The instant proceeding is within the statutory provision for declaratory judgments or decrees. CL 1948, § 691.501 (Stat Ann § 27.501). See, also, *C. K. Eddy & Sons* v. *Tierney,* 276 Mich 333.

There is no merit to appellant's contention that the township is not a proper party defendant; that instead plaintiffs should have proceeded against the township building inspector or the board of appeals. Plaintiffs are not herein seeking review of any ruling made by the inspector or the board of appeals. The township as a body corporate, if not the sole party in interest, is at least a proper party. The individuals serving as building inspector and members of the board of appeals are only the official agents of the township acting in their respective capacities. As such, no relief is sought against them. Further, if deemed necessary, we could and should add the designated officials as parties defendant by order of this Court. Michigan Court Rule No 72, § 1 (1945). *Mayor of City of Dearborn* v. *Dearborn Retirement Board of Trustees,* 315 Mich 18.

The decree entered in the circuit court is affirmed. Appellees may have costs of this Court.

Boyles, C. J., and Reid, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.