JUDGES OF THE 74TH JUDICIAL DISTRICT *v.* BAY COUNTY
OPINION OF THE COURT

1. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY—COURTS—CIRCUIT
   COURTS—JURISDICTION.
   Jurisdiction of a circuit court to grant a declaratory judgment
   is clear where the record clearly discloses an actual controversy
   decision of which does not turn upon any disputed issue of
   fact.

2. COURTS—COURT OF JUSTICE—DISTRICT COURT—JUDICIAL DISTRICTS.
   Michigan, by a constitutional provision, has one court of justice
   divided into one supreme court, one court of appeals, one
   circuit court, one probate court and courts of limited jurisdic-
   tion to be established by the legislature and, consistent with
   the constitutional unity of courts in Michigan the legislature,
   in creating courts of limited jurisdiction, established but one
   district court for the administration of which the state is di-
   vided into judicial districts (Const 1963, art 6, § 1; MCLA
   § 600.8101[1]).

3. COURTS—JUDICIAL DISTRICT—DISTRICT COURT—PRESIDING JUDGE—
   SUPREME COURT
   A judicial district is an administrative unit of the district
   court and in each judicial district there is a presiding judge
   who exercises, subject to the supervision of the Michigan Su-
   preme Court, full authority and control over all matters of
   administration (MCLA § 600.8221).

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Declaratory Judgments §§ 75, 76.
[2–4, 7, 13–16] 20 Am Jur 2d, Courts § 17.
[5] 48 Am Jur 2d, Labor and Labor Relations § 1471.
[6] 48 Am Jur 2d, Labor and Labor Relations § 1212.
[8] 1 Am Jur 2d, Administrative Law § 54.
[9, 10] 2 Am Jur 2d, Administrative Law §§ 595–609.
[11] 48 Am Jur 2d, Lamor and Labor Relations §§ 246, 1194–1197,
    1361, 1367, 1368.
[12] 48 Am Jur 2d, Labor and Labor Relations §§ 545, 553, 554,
    613–644, 1164.
[17–19] 48 Am Jur 2d, Labor and Labor Relations § 1471.

4. COURTS — DISTRICT COURT — EMPLOYEES — COUNTIES — MUNICI-
PAL CORPORATIONS — DISTRICT CONTROL UNIT.

Employees of the district court are employees of the judicial
district, an administration unit of the state's one district court,
which in turn is a subdivision of Michigan's one court of jus-
tice; they are not employees of the county, city or other district
control unit, even though they are paid by the district control
unit (MCLA § 600.8271[2]).

5. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—COUNTIES
—COURTS—JUDICIAL DISTRICT.

A collective bargaining agreement, executed by a county board of
commissioners, as an employer, cannot and does not bind a
judicial district.

6. LABOR RELATIONS—ALL-UNION AGREEMENTS—COURT EMPLOYEES—
PUBLIC EMPLOYEES—STRIKES—CONSTITUTIONAL LAW.

All-union agreements are not permitted in public employment
and court employees are public employees within the definition
of the statute prohibiting strikes by public employees and the
Michigan Constitution (Const 1963, art 4, § 48; MCLA § 423-
.201 *et seq.*).

7. COURTS—DISTRICT CONTROL UNIT—DISTRICT COURT—APPROPRIA-
TIONS—STATUTES.

"District control unit" is defined by the district court act as
that unit of government responsible for maintaining, financing,
and operating the district court and appropriations by the
district control unit must be made for this statutory purpose,
and not for limited or specified line-items, except where the
law provides otherwise, as, for example, facilities, library,
supplementation of judges' salary, operation of a probation
department, compensation of jurors, and the like (MCLA
§§ 600.8104, 600.8202, 600.8261–600.8263, 600.8314, 600.8351).

8. ADMINISTRATIVE LAW — ADMINISTRATIVE AGENCIES — EXECUTIVE
BRANCH.

Administrative agencies are a part of the executive branch of
government and while they often act in a quasi-judicial capacity,
it is recognized that they are established to perform essentially
executive functions.

9. ADMINISTRATIVE LAW—COURTS—EXHAUSTION DOCTRINE—EQUITY
—CONSTITUTIONAL LAW—STATUTES—DECLARATORY JUDGMENT.

Courts, by the doctrine of exhaustion, have declined to act in
contravention of administrative agencies where the remedies

available through administrative channels have not been pursued to completion; however, there are several exceptions to this rule as where equity will intervene to enjoin enforcement of an unconstitutional statute or where the relief requested is purely declaratory and the facts are undisputed.

10. LABOR RELATIONS—MICHIGAN EMPLOYMENT RELATIONS COMMISSION—JURISDICTION—PRESUMPTIONS—APPEAL AND ERROR—CONSTITUTIONAL LAW—JUDICIAL RESTRAINT.

The Michigan Employment Relations Commission is competent to determine its own jurisdiction, it is presumed that the commission will decide correctly; the commission has no authority to implement any of its decisions; it must rely upon courts to do so; decisions of that commission are reviewable in the Michigan Court of Appeals; for all of these reasons it is apparent that the Michigan employment relations act, based upon a section of the Michigan Constitution providing that the legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the classified civil service, does not encroach upon the constitutional and inherent powers of the judiciary and, therefore, under the philosophy of judicial restraint the Michigan Supreme Court accedes to the jurisdiction of the Michigan Employment Relations Commission established in that act (Const 1963, art 4, § 48; MCLA § 423.201 et seq.).

11. LABOR RELATIONS—MICHIGAN EMPLOYMENT RELATIONS COMMISSION—JURISDICTION—UNFAIR LABOR PRACTICES—STATUTES.

Michigan Employment Relations Commission is given jurisdiction by a section of the statute prohibiting strikes by public employees to remedy unfair labor practices but that section does not limit the commission's jurisdiction to hear charges emanating from any particular source (MCLA § 423.216).

12. LABOR RELATIONS — UNIONS — UNFAIR LABOR PRACTICES — DISMISSAL.

A threat to dismiss an employee if she exercised her statutory right to join a union, if substantiated, would constitute an unfair labor pracice (MCLA §§ 423.209, 423.210).

OPINION FOR AFFIRMANCE

BLACK, J.

13. COURTS — DISTRICT COURTS — JUDICIAL BRANCH — EXECUTIVE BRANCH — LEGISLATIVE BRANCH — POLITICAL SUBDIVISIONS.

*Trial court properly entered a judgment that the 74th Judicial*

*District Court is a juristic entity, an integral part of the judicial branch of government of the State of Michigan, separate and apart from either the executive or legislative branch of government, and as such, is a political subdivision of the State of Michigan.*

14. COURTS—DISTRICT COURTS—LABOR RELATIONS—COURT PERSONNEL —APPROPRIATIONS—DISTRICT CONTROL UNIT—STATUTES.

*Trial court properly adjudged that the 74th Judicial District Court, acting by and through its duly elected judges, has both the inherent and statutory right, in order to carry out the' duties of the court in the administration of justice, to hire, fire, direct and control its personnel, as described in the 1971 District Court budget, and in further conjunction therewith, to establish classifications for its personnel and relative wages therefor within the appropriation of its district control unit and as may be fixed by statute.*

15. COURTS—DISTRICT COURTS—COURT EMPLOYEES—COURT PERSONNEL—MAGISTRATES—COURT RECORDERS—COURT ADMINISTRATOR—CLERKS—RECEPTIONISTS—TYPISTS—COUNTIES—COLLECTIVE BARGAINING AGREEMENT—LABOR RELATIONS.

*Trial court properly ordered that all personnel of the 74th Judicial District Court including but not limited to magistrates, court recorders, court administrator, clerks of all nature, receptionists, typists as well as any and all other personnel who may be hired by the court are employees of that court and not employees of the county and a collective bargaining agreement between the county and a union has no binding or legal effect on judges of the 74th Judicial District Court and those employees.*

16. INJUNCTION—COURTS—DISTRICT COURTS—COURT PERSONNEL—COUNTIES—LABOR RELATIONS.

*Injunction was proper which permanently enjoined a union, a county and its board of commissioners from attempting to force judges and employees of the 74th Judicial District Court to recognize the bargaining agreement between the county and the union and enjoining the county and its board of commissioners from in any manner attempting to unilaterally establish classifications or wage structures for any classifications established by that court and ordering defendants to comply with a statute regarding compensation for district court employees and appropriations provided by the governing body of each district court control unit in that all appropriations*

*for wages and salaries of district court employees including but not limited to magistrates, court recorders, court administrator, clerks of all nature, receptionists, typists, as well as any and all other personnel who may be hired by the court shall be done as a unit of government and not on an individual line budget basis, except as may be otherwise specifically directed by statute or except as otherwise agreed by the judges of that district (MCLA § 600.8271).*

17. Injunction—Courts—District Courts—Labor Relations—Michigan Employment Relations Commission—Counties.

*Trial court properly permanently enjoined a union and its officers from initiating further proceedings against judges of the 74th Judicial District Court before the Michigan Employment Relations Commission, relying upon rights emanating from a collective bargaining agreement between a county and that union.*

18. Courts—Court Employees—Labor Relations—Counties.

*Trial court properly ordered that a county and its board of county commissioners be permanently restrained from any implementation of a paragraph of a resolution, which stated that all county employees of the 74th Judicial District Court, with the exception of the chief clerk and magistrate be ordered to join a union forthwith in conformity with a working agreement and they be allowed 30 days to pay over all their delinquent dues and assessments and, if the involved employees do not comply within one week, their employment was to be terminated.*

19. Courts—District Courts—Court Employees—Bailiffs—Probation Officers—Retention of Jurisdiction.

*Trial court properly ordered that its judgment did not extend to bailiffs nor to probation officers and that it retain jurisdiction over the parties to the action and the subject matter thereof, for further implementation in an action by the judges of the 74th Judicial District seeking a declaratory judgment that the court's employees were not county employees, and were not covered by the collective bargaining agreement, and further seeking injunctive relief to prevent the Michigan Employment Relations Commission from proceeding with contemplated hearings on the unfair labor practice charges.*

Appeal from Bay, Albert J. Engle, J., and from Court of Appeals prior to decision. Submitted May

4, 1971.   (No. 15 April Term 1971, Docket No. 53,-278.)   Decided September 30, 1971.

Complaint by the judges of the 74th Judicial District against Bay County; Board of Commissioners of Bay County; County Clerk of Bay County; Michigan Employment Relations Commission; International Union of Allied and Technical Workers of the United States and Canada, Local No. 15157, District 50; Dan L. Wurzburg, President of Local 15157; and the officers and other members of Local 15157 for a declaratory judgment that all personnel of the 74th Judicial District are employees of that district and not of defendant county, that a collective bargaining agreement between defendant county and defendant union has no binding or legal effect upon plaintiffs and their employees and for injunctive relief. Judgment for plaintiffs. Defendants Bay County; Board of Commissioners of Bay County; County Clerk of Bay County; International Union of Allied and Technical Works of the United States and Canada, Local 15157, District 50; Dan L. Wurzburg, President of Local 15157; and the officers and members of Local 15157 appealed to the Court of Appeals. The Michigan Employment Relations Commission crossappealed. The Michigan Supreme Court, on its own motion, ordered that the Court of Appeals be bypassed. The Judges of the 74th Judicial District cross-appeal. The Attorney General intervened. Affirmed in part, reversed in part and remanded.

*Lambert, Leser & Pominville* (by *C. Michael Gorte*), for plaintiffs.

*Eugene C. Penzien,* Prosecuting Attorney, for defendants Bay County, Board of Commissioners of Bay County, and Clerk of Bay County.

*Wilson & Stone,* for defendants International
Union of Allied and Technical Workers of United
States and Canada, Local No. 15157, District 50,
Dan L. Wurzburg, President of Local 15157, and
the officers and other members of Local 15157.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Francis W. Ed-
wards,* Assistant Attorney General, for defendant
Michigan Employment Relations Commission.

*Frank J. Kelley,* Attorney General, Robert A.
Derengoski, Solicitor General, and *Stewart H. Free-
man,* Assistant Solicitor General, for the Attorney
General.

T. E. BRENNAN, J. This action was commenced in
the circuit court in Bay County by the filing on June
29, 1970, of a complaint seeking declaratory and
injunctive relief.

The circuit court rendered its judgment on Jan-
uary 13, 1971, granting certain relief as prayed for
by plaintiffs. The defendant union, and the defend-
ant county filed separate claims of appeal in the
Court of Appeals. Plaintiffs and defendant Michi-
gan Employment Relations Commission filed claims
of cross-appeal.

On February 23, 1971, we granted *sua sponte* an
order of by-pass, bringing the matter here for im-
mediate disposition.

## THE FACTS

The plaintiffs are duly elected and qualified judges
for the 74th Judicial District of the State of Michi-
gan, a first class district, consisting of Bay County,
and created under the provisions of MCLA § 600-

.8139 (Stat Ann 1971 Cum Supp § 27A.8139). The 74th Judicial District was established pursuant to the 1963 Constitution of the State of Michigan, art 6, § 26, as implemented by MCLA § 600.8101 (Stat Ann 1971 Cum Supp § 27A.8101).

The defendant Bay County is an organized county of the State of Michigan and under the law constitutes a body politic and corporate for the purpose, *inter alia,* of suing and being sued and doing all necessary acts relative to the concerns of the County of Bay. Defendant Board of Commissioners is the governing legislative body of Bay County and as such is the district control unit of the 74th Judicial District Court, referred to in MCLA § 600.8104 (Stat Ann 1971 Cum Supp § 27A.8104). Defendant clerk is charged with the duty of implementing and administering directives of the Bay County Board of Commissioners.

The defendants, International Union of Allied and Technical Workers of the United States and Canada, and Local Union No. 15157, District 50, hereinafter referred to as the Union, is the duly authorized bargaining representative of certain employees of Bay County, while the remaining named individual defendants are officers, members, and agents of the Union.

The defendant Michigan Employment Relations Commission (formerly known as the Michigan Labor Mediation Board) is an administrative agency of the State of Michigan created pursuant to MCLA § 423.1 *et seq.* (Stat Ann 1968 Rev § 17.454[1] *et seq.*) for the purpose of mediating labor disputes.

On or about the 18th day of December, 1968, defendant county by and through its then chairman of the Board of Commissioners (formerly known as the Board of Supervisors) and the defendant Union, entered into a collective bargaining agreement, at

which time the Union was recognized as exclusive bargaining agent of certain enumerated county employees, and including "all employees, except department heads and their deputies, and all departments to come under county jurisdiction." The collective bargaining agreement required all included employees to join the Union.

Beginning in 1969, the judges of the 74th Judicial District took office after having been elected in accord with the provisions of MCLA § 600.8101 *et seq.* (Stat Ann 1971 Cum Supp § 27A.8101 *et seq.*).

In the early months of 1970, the Union sought to have itself recognized as the sole bargaining agent of employees working in the 74th Judicial District Court, and further attempted to require such employees to join the Union as required by its collective bargaining agreement with the county. On or about the 11th day of May, 1970, the Union presented plaintiffs with a grievance report alleging that the then presiding judge of the 74th Judicial District Court had violated the collective bargaining agreement by instructing his secretary not to join the Union.

On the 28th day of May, 1970, the Union filed a charge with the Michigan Employment Relations Commission claiming that the judges and the county were guilty of unfair labor practices, specifying a refusal to bargain on the issue of recognition of the Union as the exclusive bargaining representative of court employees.

On June 10, 1969, the Board of Commissioners adopted a resolution purporting to fix the compensation of district court employees. On June 24, 1970, the Board of Commissioners adopted a further resolution, purporting to require the court employees to join the Union, purporting to re-employ a discharged court employee, and further resolving:

"that any action taken by the District judges on these matters beyond this date will be considered Unilateral Action on the part of the District Judges, who are in fact the burden and responsibility of the State of Michigan, and any penalties, either monetary or other, incurred as a result of their unilateral action shall be their personal responsibility and should not be satisfied through the use of County Funds."

On June 29, 1970, the district judges commenced this action, seeking a declaratory judgment holding that the court's employees were not county employees, and were not covered by the collective bargaining agreement; and further seeking injunctive relief to prevent the Michigan Employment Relations Commission from proceeding with contemplated hearings on the unfair labor practice charges.

The Honorable Albert Engel, then Muskegon County Circuit Judge, was assigned to hear the matter. After full hearings, he entered the following judgment:

"JUDGMENT

"At a session of said Court held in the City of Bay City, Bay County, Michigan on January 13, 1971.

"PRESENT: HONORABLE ALBERT J. ENGEL, Circuit Judge

"This cause having come on for trial on January 12, 1971 and trial having been held in open court on that date, and proofs having been presented, arguments of counsel having been considered, the Court having reviewed the various briefs submitted by the parties, and the Court being fully advised in the premises,

"IT IS HEREBY ORDERED AND ADJUDGED, that the 74th Judicial District Court is a juristic entity, an integral part of the Judicial Branch of Government of the State of Michigan, separate and

apart from either the executive or legislative branch of government, and as such is a political subdivision of the State of Michigan.

"IT IS FURTHER ADJUDGED, that the 74th Judicial District Court, acting by and through its duly elected judges, has both the inherent and statutory right, in order to carry out the duties of the Court in the administration of justice, to hire, fire and direct and control its personnel, as described in plaintiffs' exhibit E of the District Court and in further conjunction therewith, to establish classifications for its personnel and relative wages therefor within the appropriation of its district control unit and as may be fixed by statute.

"IT IS FURTHER ORDERED AND ADJUDGED that all personnel of the 74th Judicial District Court including but not limited to magistrates, court recorders, court administrator, clerks of all nature, receptionists, typists as well as any and all other personnel who may be hired by the Court are employees of said 74th Judicial District Court and not employees of the defendant County.

"IT IS FURTHER ORDERED AND ADJUDGED, that the collective bargaining agreement dated December 18, 1968, has no binding or legal effect on plaintiffs and their employees as above described.

"THEREFORE, IT IS FURTHER ORDERED AND ADJUDGED, that both the defendant Union and the defendant County and its Board of Commissioners be and the same are hereby permanently enjoined from attempting to force plaintiffs and the employees of the 74th Judicial District Court to recognize the bargaining agreement dated December 18, 1968, between the defendant County and the defendant Union.

"IT IS FURTHER ORDERED AND ADJUDGED, that the defendant County and its Board of Commissioners be and the same are hereby permanently enjoined from in any manner attempting

to unilaterally establish classifications or wage struc-
tures for any classifications established by the 74th
Judicial District Court and said defendants are fur-
ther ordered to comply with M.C.L.A. 600.8271 in
that all appropriations for the wages and salaries
of the District Court employees as above described
shall be done as a unit of government and not on an
individual line budget basis, except as may be other-
wise specifically directed by statute or except as
otherwise agreed to by plaintiff judges of the 74th
Judicial District Court.

"IT IS FURTHER ORDERED that defendant,
Michigan Employment Relations Commission be and
is hereby permanently enjoined from Conducting
any other or further proceedings in case No. C-70E-
38 and case No. C-70E-76 originally filed by defend-
ant Union naming Bay County, Michigan and plain-
tiffs herein, as respondents.

"IT IS FURTHER ORDERED that defendant
International Union of Allied and Technical Work-
ers of the United States and Canada; Local No.
15157 District 50, defendant Dan L. Wurzburg and
the officers and other members of said Local 15157
be and are hereby permanently enjoined from initiat-
ing further proceedings against plaintiffs herein be-
fore defendant Michigan Employment Relations
Commission, relying upon rights emanating from the
said Collective Bargaining Agreement dated Decem-
ber 18, 1968.

"IT IS FURTHER ORDERED that the defend-
ants, County of Bay, the Board of Commissioners
of County of Bay, be and are hereby permanently
restrained from any implementation of paragraph 1
of the resolution adopted June 24, 1970 set forth in
Exhibit 'D' attached to plaintiffs' complaint and re-
ceived in evidence in this case.

"IT IS FURTHER ORDERED that the scope of
this judgment does not extend to bailiffs nor to
probation officers.

"IT IS FURTHER ORDERED that this Court
retain jurisdiction over the parties to this action

and the subject matter thereof, for further implementation not inconsistent herewith, as may be required.

> "/s/ ALBERT J. ENGLE
> "Circuit Judge"

### FIRST ISSUE—DECLARATORY RELIEF

We first consider the declaratory aspects of the judgment of the circuit court.

As to the granting of a declaratory judgment, the jurisdiction of the circuit court is clear.

"Appellant asserts that plaintiffs could not prosecute this suit for a declaratory decree without first having exhausted the procedure before the township building inspector and the board of appeals, as provided in the ordinance. This contention of appellant's is not tenable. The record clearly discloses an 'actual controversy,' decision of which does not turn upon any disputed issue of fact; and further that in this proceeding plaintiffs were not granted in the circuit court, nor do they ask in this Court, 'any consequential relief.' The instant proceeding is within the statutory provision for declaratory judgments or decrees. CL 1948, § 691.501 (Stat Ann § 27.501). See, also, *C. K. Eddy & Sons* v. *Tierney* [1936], 276 Mich 333." *Long* v. *Norton Twp.* (1950), 327 Mich 627, 633.

Michigan has one court of justice. Const 1963, art 6, § 1:

"Sec. 1. The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house."

Consistent with the constitutional unity of courts in Michigan, the legislature, in creating courts of limited jurisdiction by PA 1968, No 154 (MCLA § 600.8101[1]; Stat Ann 1971 Cum Supp 27A.8101 [1]) provided:

"Sec. 8101. A district court is established in the state. The district court is not a court of record. The state is divided into judicial districts of the district court each of which is an administrative unit subject to the superintending control of the supreme court."

Michigan has but one district court. For the administration of the district court, the state is divided into judicial districts.

A judicial district is an administrative unit of the district court. In each judicial district, there is a presiding judge who exercises, subject to the supervision of the Supreme Court, full authority and control over all matters of administration. PA 1968, No 154 (MCLA § 600.8221; Stat Ann 1971 Cum Supp 27A.8221).

PA 1968, No 154 (MCLA § 600.8271[1]; Stat Ann 1971 Cum Supp 27A.8271[1]) provides:

"Sec. 8271. (1) Except as otherwise provided, the judges of the district court shall appoint the employees thereof and fix their compensation within appropriations provided by the governing body of each district control unit."

Employes of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice. They are not employees of the county, city or other district control unit, even though they are paid by the district control unit. MCLA § 600.8271(2) (Stat Ann 1971 Cum Supp § 27A.8271[2]).

A collective bargaining agreement, executed by the County Board of Commissioners, as an employer, cannot, and does not bind the judicial district.

The Bay County Commissioners in this case had entered into an all-union or closed shop agreement with the defendant International Union.

In the private sector, such all-union agreements are permissible, despite the language of MCLA § 423.16[3] (Stat Ann 1968 Rev § 17.454[17][3]), which makes it unlawful for an employer to discriminate in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in any labor organization.

All-union agreements are permissible in the private sector because MCLA § 423.14 (Stat Ann 1968 Rev § 17.454[15]) specifically permits them.

"Sec. 14. Nothing in this act shall be construed to interfere with the right of an employer to enter into an all-union agreement with one labor organization if it is the only organization established among his employes and recognized by him, by consent, as the representative of a majority of his employes; nor shall anything in this act be construed to interfere with the right of the employer to make an all-union agreement with more than one labor organization established among his employes if such organizations are recognized by him, by consent, as the representatives of a majority of his employes."

In public employment, all-union agreements are not permitted. MCLA § 423.210(c) (Stat Ann 1968 Rev § 17.455[10][c]) prohibits discrimination by a public employer to encourage or discourage membership in a labor organization. The language of that subsection is identical to the language of MCLA § 423.16(3) (Stat Ann 1968 Rev § 17.454[17][3]).

But no section parallel to MCLA § 423.14 (Stat Ann 1968 Rev § 17.454[15]) appears in PA 1947, No.

336 (MCLA § 423.201 *et seq.;* Stat Ann 1968 Rev
§ 17.455[1] *et seq.*).

Court employees are public employees within the
definition of PA 1947, No 336 (MCLA § 423.201 *et
seq.;* Stat Ann 1968 Rev § 17.455[1] *et seq.*), and
art 4, § 48 of the Michigan Constitution.[1]

The county here argues that the statutory author-
ity of the district judges to appoint employees of
the court and fix their compensation is limited by
the words which follow: " * * * within appro-
priations provided by the governing body of each
district control unit." MCLA 600.8271[1] (Stat
Ann 1971 Cum Supp § 27A.8271[1]).

The county contends that by making line item
appropriations for each of the employees of the
court it can establish the maximum compensation
for each position, thus relegating the judges' author-
ity to "fix compensation" to encompass only the fix-
ing of compensation at something less than the ap-
propriated salary.

In its brief the county states its proposition in
these terms:

"Clearly the Legislature contemplated a system
whereby the Boards of Commissioners would be es-
tablishing maximum salaries for individual em-
ployees, with the right of the District Judges to
fix the compensation of individual employees within
the maximum amount appropriated for the posi-
tion."

The argument has a hollow ring. The county
undertook to establish the compensation of the
court's employees as part of its collective bargaining
agreement with the Union. If the collective bar-
gaining agreement determines the minimum and the

---

[1] "Sec. 48. The legislature may enact laws providing for the
resolution of disputes concerning public employees, except those
in the state classified civil service."

appropriation determines the maximum, what remains of the judges' statutory power to "fix compensation"?

If, however, the statute means what it says, *i.e.*, that the judges are to fix the compensation of their employees, then it follows that the language "within appropriations" simply means that the judges' statutory power to employ personnel and fix their compensation must be exercised within the overall limits of funds appropriated by the district control unit or units, for the operation and maintenance of the district court.

It must be borne in mind that some judicial districts consist of more than one county, and some consist of more than one political subdivision within a county. MCLA § 600.8103 (Stat Ann 1971 27A-.8103).

Where a judicial district consists of more than one district control unit, each unit is required to contribute to the expenses of the court. MCLA § 600.8104 (Stat Ann 1971 Cum Supp § 27A.8104).

Obviously, in such districts, no single control unit could limit salaries by line-item appropriation.

PA 1968, No. 154, the district court act, defines "district control unit"[2] as that unit of government responsible for maintaining, financing, and operating the district court. Appropriations by the district control unit must be made for this statutory purpose, and not for limited or specified line-items, except where the law provides otherwise, as, for example, facilities, MCLA §§ 600.8261, 600.8262, 600.8263 (Stat Ann 1971 Cum Supp §§ 27A.8261, 27A.8262, 27A.8263); library, MCLA § 600.8104 (Stat Ann 1971 Cum Supp § 27A.8104); supplementation of judges' salary, MCLA § 600.8202 (Stat

---

[2] MCLA § 600.8104 (Stat Ann 1971 Cum Supp § 27A.8104).—RE-PORTER.

Ann 1971 Cum Sup § 27A.8202); operation of a probation department, MCLA § 600.8314 (Stat Ann 1971 Cum Supp § 27A.8314); compensation of jurors, MCLA § 600.8351 (Stat Ann 1971 Cum Supp § 27A.8351), and the like.

Our decision today is not only consistent with the manifest legislative intent but wholly consonant with the constitutionally prescribed functioning of the courts under inherent powers. See *Wayne Circuit Judges* v. *Wayne County* (1971), 386 Mich 1. Cognizant of these principles, we need not, nevertheless, interfere or abjure an otherwise valid legislative scheme. See *infra*.

That portion of the judgment of the court below which consists of a declaration of the rights of the parties is affirmed as modified by the foregoing section of this opinion.

## SECOND ISSUE:  INJUNCTION

The relationship of the courts to administrative agencies and tribunals has been the subject of a great many decisions of this and every other appellate court.

In general, this relationship has been one marked by judicial restraint born of several considerations.

Foremost is the separation of powers. Administrative agencies are a part of the executive branch of government. While they often act in a quasijudicial capacity, it is recognized that they are established to perform essentially executive functions.

An appreciation of the theory of administrative law dictates that courts move very cautiously when called upon to interfere with the assumption of jurisdiction by an administrative agency.

There are other practical considerations. The courts have recognized the expediency of permitting

the administrative process to function to the extent of its capacity before intervening at the behest of one who conceives himself aggrieved or threatened by administrative action.

Matters consigned to administrative determination are often technical in nature, and closely related to the carrying out of some statutorily defined public policy.

Judicial restraint tends to permit the fullest utilization of the technical fact-finding expertise of the administrative agency and permits the fullest expression of the policy of the statute, while minimizing the burden on court resources.

From these general considerations, emanates the doctrine of exhaustion, by which the courts have declined to act in contravention of administrative agencies where the remedies available through administrative channels have not been pursued to completion.

Michigan precedents disclose several exceptions to this rule. *Diggs* v. *State Board of Embalmers and Funeral Directors* (1948), 321 Mich 508, exemplifies the situation in which equity will intervene to enjoin enforcement of an unconstitutional statute. *Long* v. *Norton Twp.* (1950), 327 Mich 627, cited in the first section of this opinion, exemplifies another exception; where the relief requested is purely declaratory and the facts are undisputed.

In the instant case, there is no allegation that the statute establishing the Michigan Employment Relations Commission is unconstitutional.

Neither does the complaint in this cause allege any action, taken or threatened by the commission from which it could be concluded that irreparable harm would befall the district court by reason of the pendency of proceedings before the commission.

The commission is competent to determine its own

jurisdiction. *Labor Mediation Board* v. *Jackson County Road Commissioners* (1962), 365 Mich 645.

It is presumed that the commission will decide correctly. *School District of the City of Royal Oak* v. *State Tenure Commission* (1962), 367 Mich 689.

The Michigan Employment Relations Commission has no authority to implement any of its decisions. It must rely upon courts to do so.

In any case, its decisions are reviewable in the Court of Appeals. *Labor Mediation Board* v. *National Music Camp* (1970), 383 Mich 518.

For all of these reasons it is apparent that PA 1947, No. 336 (MCLA § 423.201 *et seq.;* Stat Ann 1968 Rev § 17.455[1] *et seq.*), based on art 4, § 48 of the Michigan Constitution does not encroach upon the constitutional and inherent powers of the judiciary and, therefore, under the philosophy of judicial restraint this Court accedes to the jurisdiction of the Michigan Employment Relations Commission established in that act.

The District Judges argue that the commission is without jurisdiction because neither a designated collective bargaining representative nor a majority of the court's employees have petitioned for mediation under MCLA § 423.207 (Stat Ann 1968 Rev § 17.455[7]).

The argument ignores MCLA § 423.216 (Stat Ann 1968 Rev § 17.455[16]), which gives the commission jurisdiction to remedy unfair labor practices, "whenever it is charged that any person has engaged in or is engaging in any unfair labor practice * * * ."

That section of the act does not limit the commission's jurisdiction to hear charges emanating from any particular source.

Indeed, the unfair labor practices described in MCLA § 423.210 (Stat Ann 1968 Rev § 17.455[10])

where they exist, would probably militate against the possibility of there being either a designated representative or a vocal majority to file a petition under MCLA § 423.207 (Stat Ann 1968 Rev § 17.455[7]).

A single employee can be the victim of a "yellow dog" contract. In most instances it is the union he has been prevented from joining which will charge the employer with unfair practices. The statute recognizes that those who are the victims of the practices described in MCLA § 423.201 (Stat Ann 1968 Rev § 17.455[1]) are not likely to be vocal in defense of their rights.

It is charged here that one of the judges threatened a court employee with dismissal if she exercised her right under MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]) to join the Union. Such threat, if substantiated, would constitute an unfair labor practice under MCLA § 423.210 (Stat Ann 1968 Rev § 17.455[10]).

The injunction against the Michigan Employment Relations Commission should be dissolved.

Accordingly, this cause is confirmed in part and reversed in part, and remanded for dissolution of the injunction against the Michigan Employment Relations Commission.

No costs, a public question being involved.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

BLACK, J. (*for affirmance*). I support the judgment of the circuit court (quoted *ante* at pp 719 *et seq.*), and the reasoning of the trial judge which led to its entry. My vote to affirm that judgment is registered accordingly.