ATTORNEY GENERAL v DIAMOND MORTGAGE CORP

Docket No. 46114. Submitted October 9, 1980, at Lansing.—Decided December 3, 1980. Leave to appeal applied for.

The Attorney General brought an action for *quo warranto* against Diamond Mortgage Corp., Sheldon Greenberg, and Barton Greenberg for alleged illegal business activities. Ingham Circuit Court, James T. Kallman, J., ordered defendants to show cause why a temporary injunction should not issue and, following a hearing, dismissed plaintiff's complaint for lack of jurisdiction. Plaintiff appeals. *Held:*

The circuit court properly dismissed plaintiff's complaint for lack of jurisdiction. Plaintiff had not exhausted the available remedies with the Department of Licensing and Regulation and pursuant to the Administrative Procedures Act. Nor did plaintiff demonstrate that irreparable harm or specific prejudice would be suffered from resorting to the administrative process for the available remedies and, upon completion of the administrative proceedings, requesting additional remedies from the circuit court. The circuit court properly denied jurisdiction.

Affirmed.

1. ADMINISTRATIVE LAW — DEPARTMENT OF LICENSING AND REGULATION — REAL ESTATE BROKERS — STATUTES.

The Department of Licensing and Regulation is an administrative agency created by statute and authorized to deny, suspend, or revoke a real estate broker's license (MCL 16.425 *et seq.*, 451.213; MSA 3.29[325] *et seq.*, 19.803).

2. ADMINISTRATIVE LAW — DEPARTMENT OF LICENSING AND REGULATION — AUTHORITY — STATUTES.

The Department of Licensing and Regulation is not authorized to reform previously executed mortgages or assess fines for a real

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Administrative Law §§ 140, 180.

12 Am Jur 2d, Brokers §§ 9, 19.

[3] 2 Am Jur 2d, Administrative Law § 595.

[4] 2 Am Jur 2d, Administrative Law § 743.

[5] 2 Am Jur 2d, Administrative Law § 603.

estate broker's violation of the Michigan Consumer Protection Act or under the *quo warranto* statute (MCL 445.905, 600.4521; MSA 19.418[5], 27.4521).

3. ADMINISTRATIVE LAW — EXHAUSTION OF ADMINISTRATIVE REMEDIES — JURISDICTION — STATUTES.

A circuit court does not acquire jurisdiction in an action against a real estate broker for illegal business activities prior to the exhaustion of available administrative remedies pursuant to the Administrative Procedures Act (MCL 24.264, 24.301; MSA 3.560[164], 3.560[201]).

4. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEEDINGS — JUDICIAL INTERVENTION.

Judicial intervention in administrative proceedings is an extraordinary remedy to be initiated upon demonstration of a compelling need for such intervention.

5. ADMINISTRATIVE LAW — EXHAUSTION OF ADMINISTRATIVE REMEDIES — JURISDICTION — CONSTITUTIONAL ISSUES.

The mere presence of a constitutional issue does not obviate the requirement that administrative procedures be exhausted prior to a court's acquiring jurisdiction where there are other issues in controversy.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Patrick F. Isom,* Assistant Attorney General, for plaintiff.

*Barron & Knoppow, P.C.,* for defendants.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

PER CURIAM. The Attorney General appeals of right from the June 20, 1979, dismissal of plaintiff's bill of complaint by the Circuit Court for Ingham County on the grounds that the court lacked jurisdiction.

Defendant Diamond Mortgage Corp. is a Michigan corporation licensed as a real estate broker by the Michigan Department of Licensing and Regulation under the real estate licensing act, 1919 PA

306, being MCL 451.201 *et seq.;* MSA 19.791 *et seq.* Sheldon and Barton Greenberg are the sole officers and directors of the corporation. Defendants assert that they engage in the business of obtaining mortgages for homeowners, a lawful business activity for real estate brokers. Plaintiff maintains that defendants engaged in various illegal business activities, including advertising the availability of loans to be secured by a mortgage between the homeowner and the defendant company and also charging a mortgage broker's fee. In a complaint filed June 13, 1979, in the Ingham County Circuit Court, plaintiff alleges that these activities constitute usury violations because a mortgage broker's fee is charged in addition to the 11% maximum legal interest rate on the loan. Plaintiff further claims that said conduct is in violation of the Michigan Consumer Protection Act (CPA), MCL 445.905; MSA 19.418(5).

Plaintiff asked the circuit court to find the defendants guilty of improper corporate activities and misuse of its corporate charter. The relief requested was a court order revoking the defendants' real estate broker's license and dissolving the corporation. Plaintiff requested that the order also reform all prior mortgages issued by the defendant company so that those mortgages would no longer be usurious. In addition to the above remedies, plaintiff requested the court to assess fines of $25,000 for violation of the CPA and $10,000 as authorized by the *quo warranto* statute, MCL 600.4521; MSA 27A.4521. Defendants answered, claiming (1) that the circuit court was without jurisdiction because the corporation is subject to regulation by the Department of Licensing and Regulation and (2) that the alleged offending conduct does not come within the CPA because

that act does not apply to conduct authorized under laws administered by the Department of Licensing and Regulation. Following a hearing on an order to show cause why a preliminary injunction should not issue, the trial court dismissed plaintiff's complaint for lack of jurisdiction.[1] From said dismissal, plaintiff appeals of right.

The Department of Licensing and Regulation is an administrative agency created pursuant to MCL 16.425 *et seq.;* MSA 3.29(325) *et seq.* which is authorized to deny, suspend, or revoke a license issued to a real estate broker. MCL 451.213; MSA 19.803. The Department of Licensing and Regulation is not authorized to reform previously executed mortgages or assess fines for violation of the CPA or the *quo warranto* statute. Thus, while plaintiff is correct in contending that the Department of Licensing and Regulation could not provide all of the relief requested, defendants are correct in stating that this does not obviate the requirement that plaintiff exhaust the available administrative remedies pursuant to the Administrative Procedures Act (hereinafter APA), being MCL 24.264, 24.301; MSA 3.560(164), 3.560(201), before the circuit court acquires jurisdiction.

---

[1] "Another ground for denying a quo warranto procedure can be found in *Attorney General v Shaw,* 327 Mich 648 (1950). In that case the Supreme Court denied quo warranto *[sic]* when an applicable statute furnished a remedy. Here, the Real Estate License Act offers adequate relief for violations such as those alleged, therefore quo warranto does not lie.

"The Attorney General also alleges that Diamond violated the Michigan Consumers Protection Act, MCLA 445.901, *et seq.*

"Section 4(1) at 445.905 lists as an exemption:

" '(a) a transaction or conduct specifically authorized under any laws administered by a regulatory board or office acting under statutory authority of the State or the United States.'

"Since Diamond is under the auspices of the Michigan Board of Licensing and Regulation as authorized by the Michigan Real Estate License Law it is apparent that Diamond is not subject to sanctions under the CPA."

Michigan courts have long recognized the importance of the doctrine of exhaustion of administrative remedies. *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 608; 255 NW2d 702 (1977). The relationship of the courts to administrative agencies has been one marked by judicial restraint. *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727; 190 NW2d 219 (1971).

"Exhaustion of administrative remedies serves several policies: (1) an untimely resort to the courts may result in delay and disruption of an otherwise cohesive administrative scheme; (2) judicial review is best made upon a full factual record developed before the agency; (3) resolution of the issues may require the accumulated technical competence of the agency or may have been entrusted by the Legislature to the agency's discretion; and (4) a successful agency settlement of the dispute may render a judicial resolution unnecessary. See *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727-728; 190 NW2d 219, 226 (1971)." *IBM, supra,* 610.

Applying these factors to the present situation dictates that we affirm the lower court ruling that, until the available administrative remedies with the Department of Licensing and Regulation and the APA are exhausted, the circuit court lacks jurisdiction to entertain plaintiff's suit. If the present lawsuit were allowed in circuit court, coming without any administrative proceedings, the cohesive administrative scheme of the Department of Licensing and Regulation and the APA specifically set forth by the Legislature could be totally avoided by claiming, in addition to remedies available through the administrative process, a remedy outside of the administrative scheme. Further, the circuit court does not have before it a full factual

record which could be developed by the administrative proceedings. The issues raised in the full factual record, *e.g.*, whether a corporation has engaged in business activities beyond the scope of the license granted them by the Department of Licensing and Regulation, can be better resolved by the accumulated technical competence of the particular agency involved. Finally, a successful administrative settlement may render resort to our already congested dockets unnecessary. "The courts have recognized the expediency of permitting the administrative process to function *to the extent of its capacity* before intervening at the behest of one who conceives himself aggrieved or threatened by administrative action." *Judges, supra,* 727-728. (Emphasis added.)

The instant case is procedurally similar to *Saginaw School Dist v United States Dep't of Health, Education and Welfare,* 431 F Supp 147, 153 (ED Mich, 1977). There, plaintiff sought judicial intervention rather than resorting to administrative proceedings. The court held that "the administrative procedures appear clearly capable to granting relief on two of the issues raised by the plaintiffs. * * * By seeking to avoid [all further administrative proceedings], plaintiffs are rejecting an administrative opportunity to litigate the issue. This is precisely the opposite of what the exhaustion doctrine requires." The court concluded that intervention in administrative proceedings is an extraordinary remedy and that plaintiff failed to demonstrate a compelling need for judicial intervention.

It is also settled law that the mere presence of a constitutional issue does not excuse the exhaustion requirement where, as here, there are other issues in controversy. Defendants' claim that the CPA violates the "title-object" clause of the Michigan

Constitution can be preserved in the administrative proceedings so that it may be raised before the appeals court. *Yakus v United States,* 321 US 414, 437; 64 S Ct 660; 88 L Ed 834 (1944), *Saginaw School Dist, supra,* 154.

As in *Saginaw School Dist,* the present plaintiff has shown no harm or specific prejudice which would result from first resorting to the administrative process for the available remedies. This Court is unable to conclude that plaintiff will suffer irreparable harm if required to present its request for additonal remedies to the courts following completion of the administrative proceedings.

Accordingly, this Court affirms the lower court finding of lack of jurisdiction and its decision not to intervene in the administrative process.

Affirmed. No costs, a question of public interest being involved.