OTTAWA COUNTY EMPLOYEES ASSOCIATION v OTTAWA
COUNTY GENERAL EMPLOYEES

Docket No. 64322. Submitted August 16, 1983, at Grand Rapids.—
Decided December 5, 1983.

Ottawa County Employees Association was the exclusive bargain-
ing agent for all Ottawa County public employees until Decem-
ber 3, 1979, when Teamsters Local 214 was certified to be the
exclusive bargaining agent for the nonsupervisory employees of
the county with the exception of the employees of the 58th
District Court and the Ottawa Circuit Court. On December 28,
1980, that same teamsters local was certified to be the exclusive
bargaining agent for the circuit court employees. Only the ten
employees of the district court continued to be represented by
the association as their exclusive bargaining representative. All
the members of the association who had joined the teamsters
local attempted to maintain their membership in the associa-
tion and in 1980 voted to distribute, pro rata, to the 160
members involved all the funds which the association had
accumulated in its treasury. After the certification of the
teamsters as bargaining representative for the circuit court
employees, the ten remaining members of the association, the
district court employees, claimed to be the sole members of the
association, elected officers, and declined to distribute the funds
in the manner voted upon by the entire body. The association
filed suit against Ottawa County General and 20th Circuit
Court Employees, employees who are now represented by the
Teamsters Local 214, in Ottawa Circuit Court seeking a declar-
atory judgment on the issue of disbursement of the funds. The
court, George R. Cook, J., held that the funds would be distrib-
uted on a pro-rata basis to all employees who were members of
the association in 1980, including employees represented by
both plaintiff and defendants. Plaintiff appealed. *Held:*

1. Once the employees represented by defendants certified
the teamsters as their exclusive bargaining representative they
could not remain members of the plaintiff association. Thus, as

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts § 4.

of December 28, 1980, none of the employees represented by defendants were members of the plaintiff association.

2. Plaintiff's bylaws required that members be employees of Ottawa County, with certain exceptions not applicable to this case. Employees of the district court are employees of the judicial district, not employees of the county. Those employees, therefore, were never eligible for membership in plaintiff association. Thus, as of December 28, 1980, there were no members of plaintiff association. Plaintiff must therefore be dissolved and the funds present in the treasury distributed pro rata to all members, including all employees represented by plaintiff and defendants.

Affirmed.

COURTS — DISTRICT COURT — EMPLOYEES — COUNTIES — MUNICIPAL CORPORATIONS — DISTRICT CONTROL UNIT.

Employees of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice; they are not employees of the county, city or other district control unit, even though they are paid by the district control unit.

*Vanden Bosch & Avery* (by *Thomas G. Vanden Bosch),* for plaintiff.

*Howard L. Shifman,* for defendants.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

DANHOF, C.J. Plaintiff is an organization consisting of approximately ten individuals who work in the 58th District Court in Ottawa County. Defendants, numbering approximately 150 individuals, consist of employees of the Ottawa County Circuit Court and other Ottawa County departments who are now represented by Teamster's Local 214. Formerly, the Ottawa County Employees Association (OCEA) was the certified bargaining representative of both plaintiff and defendant employees.

* Circuit judge, sitting on the Court of Appeals by assignment.

During the time OCEA represented them, $16,000 was collected by the organization. The Michigan Employment Relations Commission (MERC) recognized Teamsters Local 214 as the exclusive bargaining agent for a portion of the defendants' members in December, 1979, and for the remaining defendants' members in December, 1980. OCEA operated with both plaintiff and defendant employees throughout 1980. In mid-1980, the majority of the association members voted to distribute pro rata all funds in the association treasury to the approximately 160 members. In December, 1980, plaintiff employees claimed to be the sole members of OCEA, elected officers and declined to distribute the funds in the manner voted upon by the entire body. Plaintiff filed the instant action seeking a declaratory judgment on the issue of disbursement of the funds. The trial court ruled that the funds would be distributed on a pro-rata basis to all employees who were members of OCEA in 1980.

On appeal, plaintiff argues that defendants could not remain members of plaintiff association after they certified Teamsters Local 214 as their exclusive bargaining agent. We agree with plaintiff's contention on this issue. The bylaws of OCEA set forth the objectives of the organization in Article III. The objectives include providing for members a voice in determining wages, hours and working conditions and promoting the economic and general welfare of the Ottawa County employees. A further objective in Article III states as follows:

"The Ottawa County Employees Association shall be the exclusive representative for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment or other conditions of employment, and for the negotiation and execution of contracts with the

management of Ottawa County, State of Michigan. Such representation shall cover further matters to include requiring the employer to deduct, collect or assist in collecting from an employees' wages, any dues payable to the Association."

Another objective listed is "to work as an autonomous organization, unaffiliated with any other labor organization * * *". The clear import of the objective is that OCEA was designed to be the exclusive bargaining representative for its members, with the goal of improving working conditions. Defendants' action in affiliating with Teamsters Local 214 is contrary to the stated purposes of the OCEA.

51 CJS, Labor Relations, § 76, p 720, states the following general rule:

"The contract between a trade union and its members, consisting of the articles of agreement, the constitution, and the by-laws of the union, may define the conditions which will entail the loss of membership. Thus, under a provision of a union's constitution or by-laws prohibiting dual membership, a member of a union who joins another union thereby loses his membership in the original union; and as an incident thereto he also loses his membership in an unincorporated association whose constitution provides that membership therein should be coextensive with membership in the union. Moreover, apart from such provisions, under certain conditions the disloyal acts of members may constitute, or be open to consideration as, a withdrawal of membership from the union." (Footnotes omitted.)

Although the bylaws of OCEA do not specifically state that recognition of a rival association as an exclusive bargaining agent will result in the termination of an employee's membership in OCEA, we believe that is the result intended by the articles

quoted above. We view such an affiliation as a "disloyal act", inconsistent with membership in OCEA, which exists primarily as a bargaining agent for its members. In this regard we disagree with the trial court, which found that OCEA was not only a bargaining agent but was also a "social organization dedicated to the well-being of the members of the organization". While a social element may have been involved, as it frequently is in any association or union, we see no evidence in the articles that this was an intended goal of the OCEA. As of December, 1980, then, all defendants were no longer members of OCEA, as at that point all of the defendants had recognized Teamsters Local 214 as their exclusive bargaining agent.

The remaining question is whether plaintiff employees are thus the only remaining members of OCEA and entitled to the funds in the organization's treasury. We answer this in the negative.

Plaintiff is comprised of approximately ten persons employed by the 58th District Court. District court employees are not employees of the county:

"Employes [sic] of the district court are employees of the judicial district, an administration unit of the state's one district court, which in turn is a subdivision of Michigan's one court of justice. They are not employees of the county, city or other district control unit, even though they are paid by the district control unit." *Judges of 74th Judicial Dist v Bay County,* 385 Mich 710, 723; 190 NW2d 219 (1971).

Article II of the OCEA bylaws states that "[t]he members of this association shall be employees of Ottawa County except * * *". Certain excepted employees, not relevant here, are then listed. By the clear terms of the bylaws, the district court

employees were not eligible for membership in OCEA.

Our holdings on the above issues lead to the result that as of December, 1980, there were no members of OCEA. The association must therefore be dissolved and the funds present in the association treasury distributed pro rata to all "members" of OCEA as of December 1, 1980. This group will include both plaintiff and defendant employees. Although the district court employees were not actual members of the organization, they had paid dues and participated in association activities. Equity demands that those employees therefore be included in the group which is to receive funds from the organization's treasury. The trial court's order is hereby affirmed for the reasons stated in this opinion.

Affirmed. Costs to defendants.