TEAMSTERS UNION LOCAL 214 v 60TH DISTRICT COURT

Docket No. 46565. Submitted November 6, 1980, Detroit.—Decided
December 2, 1980. Leave to appeal applied for.

Teamsters Union Local 214 filed an unfair labor practice charge
with the Michigan Employment Relations Commission against
the 60th District Court over the firing of the assignment clerk.
A hearing examiner rendered a decision holding that applica-
tion of the public employment relations act to employees of the
district court did not violate the constitutional doctrine of
separation of powers and finding a violation of the PERA in the
clerk's discharge. MERC upheld the decision and the 60th
District Court appeals. *Held:*

1. The constitutional provision of the separation of powers is
not violated by the Employment Relations Commission's exer-
cise of jurisdiction over a claim by a district court employee of
an unfair labor practice.

2. Application of the public employment relations act to an
assignment clerk of a district court does not violate the consti-
tutional prohibition against enacting laws providing for the
resolution of disputes concerning state classified civil service
employees.

3. The standard of review of a decision of the Employment
Relations Commission is whether the record considered as a
whole contains competent, material and substantial evidence to
support the decision. The record contained sufficient evidence
to support a finding of a violation of the PERA.

Affirmed.

1. LABOR RELATIONS — DISTRICT COURT EMPLOYEES — EMPLOYMENT
RELATIONS COMMISSION — JURISDICTION.
The constitutional provision of the separation of powers is not

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Administrative Law § 76.

[2] 48A Am Jur 2d, Labor and Labor Relations §§ 1728, 1734.

[3] 2 Am Jur 2d, Administrative Law § 679.

[4] 48A Am Jur 2d, Labor and Labor Relations § 1770.
Union organization and activities of public employers. 31 ALR2d
1147.

violated by the Employment Relations Commission's exercise of jurisdiction over a claim by a district court employee of an unfair labor practice.

2. LABOR RELATIONS — DISTRICT COURT EMPLOYEES — CONSTITUTIONAL LAW — STATUTES.
   Application of the public employment relations act to an assignment clerk of a district court does not violate the constitutional prohibition against enacting laws providing for the resolution of disputes concerning state classified civil service employees (Const 1963, art 4, § 48, MCL 423.201 et seq.; MSA 17.455[1] et seq.).

3. APPEAL — LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION.
   The standard of review of a decision of the Employment Relations Commission is whether the record considered as a whole contains competent, material and substantial evidence to support the decision.

4. LABOR RELATIONS — PUBLIC EMPLOYEES — STATUTES.
   Discussion at a union meeting about fellow union members and conditions of employment is protected activity under the public employment relations act (MCL 423.209; MSA 17.455[9]).

*Howard L. Shifman,* for Teamsters Union Local 214.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John M. Dehorn,* Assistant Attorney General, for Michigan Employment Relations Commission.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General, for defendant.

Before: M. J. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Defendant appeals the determination by the Michigan Employment Relations Commission that defendant violated a provision of

the public employment relations act (hereinafter PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* by discharging a court employee based on her union activity.

In the spring of 1977, Jem Schmeling had been employed by the 60th Judicial District Court in Muskegon, Michigan, as an assignment clerk for approximately eight months. Schmeling, along with other court personnel, worked pursuant to a collective bargaining agreement between the 60th District Court and the Teamsters Local 214. Schmeling was also the chief steward for the bargaining unit of court employees represented by Local 214.

On April 21, 1977, Gene Carr, district court administrator, informed Schmeling that the judges of the court had voted to terminate her employment immediately. On April 27, 1977, the union filed an unfair labor practice charge against the court.

On November 17, 1977, the judges of the 60th Judicial District Court filed a complaint against the Michigan Employment Relations Commission (hereinafter MERC), the union and Schmeling alleging that the applicability of the provisions of PERA to court employees was precluded by the constitutional doctrine of the separation of powers, Const 1963, art 3, § 2. The complaint sought injunctive relief prohibiting, among other things, MERC from exercising any jurisdiction to hear the merits of a dispute.

After a hearing, the court denied the injunctive relief and retained jurisdiction to hear the constitutional issues.[1] Both parties appealed. This Court affirmed the lower court's order, *60th Judicial Dist*

---

[1] No formal order regarding the court's decision to retain jurisdiction was ever entered.

*Court Judges v Michigan Employment Relations Comm,* (docket nos. 78-799 and 78-903, released November 13, 1978 [unreported]), and the Supreme Court denied the application for leave to appeal on December 28, 1978, 404 Mich 804 (1978).

On December 13, 1978, an evidentiary hearing on the merits of the unfair labor practice charge was held before a MERC hearing examiner. Defendant again objected to the jurisdiction of MERC and the applicability of PERA to court personnel.

On April 2, 1979, the hearing examiner rendered a decision in which he rejected defendant's constitutional claim and found a violation of § 10(1)(a) and (c) of PERA[2] in the discharge of Jem Schmeling. MERC upheld this decision in an opinion rendered on April 20, 1979.

Defendant argues initially that the constitutional provision of separation of powers prohibits the applicability of PERA to court employees. Defendant claims that MERC has no jurisdiction to hear any claims with regard to the discharge of judicial personnel. We reject this argument.

Const 1963, art 3, § 2, provides:

"The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers

[2] MCL 423.210; MSA 17.455(10), provides:

"Sec. 10. (1) It shall be unlawful for a public employer or an officer or agent of a public employer (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section 9; * * * (c) to discriminate in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in a labor organization * * *."

MCL 423.209; MSA 17.455(9), provides:

"Sec. 9. It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

properly belonging to another branch except as expressly provided in this constitution."

In *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710; 190 NW2d 219 (1971), the Court rejected the claim that PERA could not apply to district court employees due to an alleged encroachment of judicial power. The Court stated explicitly:

"[I]t is apparent that PA 1947, No. 336 (MCLA § 423.201 *et seq.;* Stat Ann 1968 Rev § 17.455[1] *et seq.)* [PERA], based on art 4, § 48 of the Michigan Constitution does not encroach upon the constitutional and inherent powers of the judiciary and, therefore, under the philosophy of judicial restraint this Court accedes to the jurisdiction of the Michigan Employment Relations Commission established in that act." *Judges of the 74th Judicial Dist v Bay County, supra,* 729.

This ruling was followed subsequently in *Livingston County v Livingston Circuit Judge,* 393 Mich 265; 225 NW2d 352 (1975).

Based on the foregoing, we hold that the constitutional provision of the separation of powers is not violated by MERC's exercise of jurisdiction over the claimed unfair labor practice in the instant case.

Defendant asserts that *In the Matter of the Petition for a Representation Election Among Supreme Court Staff Employees,* 406 Mich 647; 281 NW2d 299 (1979), mandates a different result. However, defendant's reliance on *Supreme Court Staff Employees* is misplaced because that case dealt with a vastly different factual situation.

In holding that the "separation of powers of government, precludes MERC's assumption of such jurisdiction over the Michigan Supreme Court",

the Court based its decision squarely on the anomalous situation of that case where an executive agency was attempting to exercise adjudicative authority over the Michigan Supreme Court. The Court noted the peculiar nature of the case as follows:

"As a further incidental indication of how far out of the order of things it is to have MERC holding court over the Supreme Court, an appeal from the order of MERC is to the Court of Appeals. If MERC has jurisdiction to determine cases with the Supreme Court as a party, then the Supreme Court might be in a position to appeal from the decision of MERC to the Court of Appeals, which again is an inferior tribunal to the Supreme Court. In short, MERC assuming jurisdiction over the Supreme Court puts everything upside-down." *Supreme Court Staff Employees, supra,* 663.

The Court concluded by stating that if an administrative agency were to sit in judgment over the Supreme Court, the latter body would no longer be functioning as a Supreme Court, resulting in a serious erosion of our Constitution and system of government.

We find *Supreme Court Staff Employees* to be inapplicable here. The instant case does not involve the Supreme Court, whose paramount judicial authority was the very basis for the Court's holding in *Supreme Court Staff Employees.* The reasoning of that case does not support defendant's suggestion that its holding should be extended to the entire judiciary. Further, in the present case, an appeal from a decision of the MERC can be taken to this Court, which is not a tribunal inferior to defendant, as was the case in *Supreme Court Staff Employees.* The Supreme Court did not give any indication that the *Bay County, supra,* line of cases were no longer good law, outside of

matters dealing with the Supreme Court itself, and we see no reason to so hold.

Defendant next argues that notwithstanding the separation of powers provision, Const 1963, art 4, § 48,[3] prohibits PERA from being applied to an assignment clerk of the district court, whose work responsibilities are essential to the judicial process. Defendant maintains that any application of PERA to such a position would unconstitutionally interfere with judicial activities. We disagree for two reasons.

First, we note that whether certain employment positions are subject to collective bargaining and possible PERA violations must be decided on a case by case basis. *Regents of the University of Michigan v Employment Relations Comm,* 389 Mich 96, 109; 204 NW2d 218 (1973). Here, MERC concluded that the role of an assignment clerk is essentially an administrative or clerical position. The testimony indicated that the duties of an assignment clerk did not involve any independent judicial decision-making authority. Since there was sufficient evidence in the record to support this conclusion by MERC, we find no error. See, MCL 423.216(e); MSA 17.455(16)(e). Therefore, there was no unconstitutional interference with the autonomy of the district court in MERC's finding that a case assignment clerk fit within the jurisdiction of PERA.

Secondly, the categories of public employees of the circuit court within the meaning of PERA were set forth in *Wayne Circuit Judges v Wayne County,* 386 Mich 1, 31; 190 NW2d 228 (1971). One group of public employees included:

---

[3] Const 1963, art 4, § 48, provides:

"The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service."

"* * * all other administrators, clerks, stenographers, secretaries, typists and employees working under the direction and control of the judges of the circuit court or the presiding judge thereof, or working under the direction and control of any of the clerks, assistants, or officers mentioned above."

Since an assignment clerk works at the direction and control of the presiding judge of the district court, this position would fit under a comparable category for employees of that court. MERC's finding that a case assignment clerk is a public employee for purposes of PERA is consistent with the categories listed in *Wayne Circuit Judges, supra.*

Finally, defendant argues that the MERC decision was not supported by competent, material and substantial evidence on the whole record. Specifically, defendant asserts that the record contains no evidence that Schmeling's discharge was the result of her union activities. Defendant points to the testimony indicating that Schmeling was terminated for good cause and claims that this evidence further establishes the lack of any anti-union animus on the part of defendant.

In our review of MERC decisions we must determine whether the record considered as a whole contains competent, material and substantial evidence to support the MERC determination. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 607; 281 NW2d 454 (1979), MCL 423.216(e); MSA 17.455(16)(e).

The testimony before MERC established that Gene Carr, at the request of defendant, conducted several interviews on April 20, 1977. Carr was instructed to determine what occurred at an April 19, 1977, union meeting. Janet Barney, a court employee, was considering terminating her employment due to events at the meeting. Carr spoke

with Barney who related that Schmeling had voiced numerous complaints about the "dictatorial" management, improperly classified employees, inadequate compensation and indefinite job duties. Barney claimed that Schmeling's attacks were responsible for destroying the court's administrative staff. Schmeling also made references to an informant who was harming the union by supplying information to management. Barney claimed the references were directed at her.

Carr also interviewed Patsy Morrison, another employee of the court, who stated that the union meetings had "deteriorated into pointed, unfounded and unqualified accusations designed to undermine the management of the court". Morrison said that Schmeling was responsible for inciting divisiveness and encouraging the obstruction of management's efforts to improve the operations of the court.

At a meeting on April 21, 1977, Carr presented a report containing the two written statements of Barney and Morrison to all of the district court judges. They then discussed Schmeling's employment status. While other matters were mentioned at the meeting, such as Schmeling's abrasive personality, her absence from her work location and her abrupt termination of a conversation with the court administrator, the thrust of the discussion centered on the contents of the transcribed statements. One district court judge testified that "the most particular, most significant things contained in this overall report * * * were events * * * allegedly, to have been transpired at a meeting of the Union Committee * * * [on] the 19th of April". At the conclusion of the meeting, the judges voted unanimously in favor of discharging Schmeling.

Based on the above testimony, we find that the determination by MERC that the decision to terminate Schmeling's employment was based predominantly on what she said at a union meeting was supported by competent, material and substantial evidence on the whole record. Discussion at a union meeting about fellow union members and conditions of employment is protected activity under § 9 of the statute, MCL 423.209; MSA 17.455(9). Having discharged an employee for the lawful exercise of her rights as an employee, defendant violated § 10(1)(a) and (c) of PERA.

While defendant did submit some evidence on alternative reasons for the discharge, this alone does not substantiate the claim that the MERC decision was not supported by the record. One judge acknowledged that an overriding consideration in the decision to terminate was the contents of the report submitted by Gene Carr and the decision itself was made immediately after a review of the statements by Barney and Morrison. In contradiction to the allegedly valid reasons for the discharge, one district judge testified in rebuttal that he had not observed any abrasive conduct by Schmeling and had never heard any complaints from his fellow judges about her job performance as to case assignments. Schmeling herself had also testified that she had been away from her work location because her duties required her to leave the area intermittently. Since there was sufficient evidence that Schmeling was terminated due to her union activities, and the valid reasons for dismissal were subject to contradiction, we are persuaded that MERC properly discounted the reasons advanced by defendant and, instead, found a violation of PERA.

Affirmed.