TEAMSTERS UNION LOCAL 214 v 60th DISTRICT COURT

Docket No. 66359. Argued March 9, 1983 (Calendar No. 16).—Decided
June 29, 1983.

Teamsters Union Local 214 filed an unfair labor practices charge
with the Michigan Employment Relations Commission against
the 60th District Court, challenging the discharge of Jem
Schmeling, an assignment clerk. A hearing referee found that
the court interfered with, restrained, and coerced employees in
the exercise of rights guaranteed by the public employment
relations act and discriminated with regard to hiring, terms,
and other conditions of employment in order to discourage
membership in a labor organization. The commission adopted
the findings and directed the court to reinstate Schmeling and
to make her whole for any loss of pay suffered. The Court of
Appeals, M. F. Cavanagh, P.J., and D. F. Walsh and D. C. Riley,
JJ., affirmed (Docket No. 46565). The 60th District Court ap-
peals, alleging that the provision in the PERA granting the
commission jurisdiction in unfair labor practice claims by
employees of a judicial branch of government violates the
constitutional provision of separation of powers and that the
decision of the commission was not supported by competent,
material, and substantial evidence on the whole record.

In an opinion by Justice Levin, joined by Chief Justice
Williams and Justices Kavanagh and Brickley, the Supreme
Court *held:*

Under the circumstances of the case, the order of the com-
mission should be sustained.

1. The public employment relations act, in conferring juris-
diction of such appeals on the MERC, and the commission's
exercise of jurisdiction under the PERA with regard to an
unfair labor practice claim by a district court employee whose
job is essentially administrative or clerical and not central to
the administration of justice, bordering on a judicial role, do

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1769.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations § 1489.

not violate the constitutional provision for separation of powers.

2. The commission's decision and order not only were supported by competent, material, and substantial evidence on the whole record, as found by the Court of Appeals, but also were not contrary to the weight of the evidence nor clearly erroneous even though so supported. The higher standard is considered in this case because its application may be necessary to preserve the power of a court to discharge for cause an employee whose function is central to the administration of justice. It is not adopted for future cases until it is necessary to decision in them.

Justice Ryan, concurring in the reasoning and result of the essence of the Court's opinion, did not think it necessary or appropriate to measure the propriety of the MERC order against the higher "clearly erroneous" and "contrary to the great weight of the evidence" standards. Rather, the standard to be employed should be whether the record, considered as a whole, contains competent, material, and substantial evidence to support the decision.

Affirmed.

102 Mich App 216; 302 NW2d 203 (1980) affirmed.

OPINION OF THE COURT

1. LABOR RELATIONS — CONSTITUTIONAL LAW — DISTRICT COURT EMPLOYEES — EMPLOYMENT RELATIONS COMMISSION — JURISDICTION.

The exercise of jurisdiction by the Michigan Employment Relations Commission under the provisions of the public employment relations act with regard to an unfair labor practice claim by a district court employee whose job is essentially administrative or clerical and not central to the administration of justice, bordering on a judicial role, does not violate the constitutional provision for separation of powers (Const 1963, art 3, § 2, art 4, § 48; MCL 423.216; MSA 17.455[16]).

2. LABOR RELATIONS — CONSTITUTIONAL LAW — DISTRICT COURT EMPLOYEES — EMPLOYMENT RELATIONS COMMISSION — STANDARD OF REVIEW.

The standard of review of a decision of the Employment Relations Commission regarding the discharge of an employee of a district court whose job is essentially administrative or clerical is whether the record as a whole supports the decision by competent, material, and substantial evidence; however, where the decision involves the discharge for cause of an employee of a

court whose function is central to the administration of justice, the standard of review may involve a determination whether the decision was contrary to the weight of the evidence or clearly erroneous even though supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

OPINION BY RYAN, J.

3. LABOR RELATIONS — CONSTITUTIONAL LAW — DISTRICT COURT EM-
PLOYEES — EMPLOYMENT RELATIONS COMMISSION — STANDARD
OF REVIEW.

*The standard of review of a decision of the Employment Relations Commission regarding the discharge of an employee of a district court whose job is essentially administrative or clerical should be whether the record, considered as a whole, contains competent, material, and substantial evidence to support the decision; it is not necessary or appropriate to review such a decision under the "clearly erroneous" or "contrary to the great weight of the evidence" standards (Const 1963, art 6, § 28).*

*Habush, Habush & Davis, S.C.* (by *John S. Williamson, Jr.),* and *Howard L. Shifman* for Teamsters Union Local 214.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for the Michigan Employment Relations Commission.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Susan Peck Iannotti,* Assistant Attorney General, for the 60th District Court.

LEVIN, J. The judges of the 60th District Court voted to discharge Jem Schmeling, the assignment clerk of the court, two days after a union meeting. Schmeling was the chief steward for the bargaining unit of court employees. She filed a complaint with the Michigan Employment Relations Commis-

sion, which found that the 60th District Court "has violated Section 10(1)(a)[1] by interfering with, restraining and coercing employees in the exercise of their rights guaranteed by Section 9[2] of [the public employment relations act], and has violated Section 10(1)(c)[3] by discriminating in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in a labor organization". The commission directed the district court to offer Schmeling reinstatement to her former, or a substantially equivalent, position as assignment clerk and to make her whole for any loss of pay she may have suffered.

The Court of Appeals affirmed, *Teamsters Union Local 214 v 60th District Court,* 102 Mich App 216; 302 NW2d 203 (1980).

The Attorney General has filed a brief in behalf of the 60th District Court contending:

1. The PERA, in providing that the commission has jurisdiction of appeals by employees of the judicial branch of government, violates Const 1963, art 3, § 2, concerning the separation of the powers of government.

2. The provisions of Const 1963, art 4, § 48, authorizing the Legislature to enact laws providing for resolution of disputes concerning public employees notwithstanding, Const 1963, art 3, § 2, concerning the separation of the powers of government, precludes the application of the PERA to a court employee, such as an assignment clerk, whose work responsibilities, it is contended, are essential to the judicial process.

3. The decision and order of the commission is not "supported by competent, material and sub-

---

[1] MCL 423.210(1)(a); MSA 17.455(10)(1)(a).

[2] MCL 423.209; MSA 17.455(9).

[3] MCL 423.210(1)(c); MSA 17.455(10)(1)(c).

stantial evidence on the whole record". Const 1963, art 6, § 28.

The Court of Appeals carefully reviewed and rejected each of these contentions in a comprehensive opinion by Judge WALSH for the Court. We adopt the opinion and reasoning of the Court of Appeals, and affirm.

We have considered whether the commission's findings that (i) Schmeling's role as assignment clerk was "administrative and/or clerical in its essential character" and not "central to the administration of * * * justice, bordering on a judicial role", and (ii) the cause of discharge was Schmeling's activities at the union meeting, rather than unsatisfactory job performance, were contrary to the weight of the evidence or clearly erroneous although "supported by competent, material and substantial evidence on the whole record".[4] We have concluded that, measured by such higher standards, the commission's order should also be sustained.

We have reviewed the record against higher standards because it may be necessary to apply higher standards in order to preserve the separation of powers, and, in particular, the power of a court to discharge for cause a court employee whose function is central to the administration of justice.

Because it is not necessary to decision, we do not adopt higher standards for future cases, but rather reserve the question until it is necessary to decision and intimate no opinion thereon.

Affirmed. No costs, a public question.

WILLIAMS, C.J., and KAVANAGH and BRICKLEY, JJ., concurred with LEVIN, J.

---

[4] Const 1963, art 6, § 28.

RYAN, J. *(concurring)*. While I concur in the reasoning and result of the essence of the Court's opinion, I do not think it is necessary or appropriate to measure the propriety of the MERC order in this case against the higher "clearly erroneous" and "contrary to the great weight of the evidence" standards.

If, as my colleagues correctly state, such higher standards of review are "not necessary to decision" and are not adopted for future cases, there is no justification for employing them in this case. I do not agree that "it may be necessary [in some future case] to apply higher standards" in order to preserve the separation of powers or to justify the action of a court in discharging a court employee whose function is central to the administration of justice. Preservation of the separation of powers in the Michigan Constitution depends upon the will of the people of the State of Michigan and the meaning of the separation language in the constitution. Similarly, the justification for the discharge of a court employee whose function is central to the administration of justice turns upon the meaning of the separation of powers doctrine and not upon the appellate standard employed in assessing the sufficiency of the evidence to support such action.

The issue which my colleagues acknowledge is not part of this case, not necessary to decision, reserved for future consideration and, with respect to which no opinion is intimated, has, for those reasons, no proper place in today's decision.

I am content to adopt the excellent opinion of Court of Appeals Judge DANIEL F. WALSH for the Court below, without the inapposite dicta supplied by this Court.

CAVANAGH and BOYLE, JJ., took no part in the decision of this case.