IRONS v 61st JUDICIAL DISTRICT COURT EMPLOYEES
CHAPTER OF LOCAL NO 1645, MICHIGAN COUNCIL 25,
AFSCME, AFL-CIO

Docket No. 72287. Submitted May 7, 1984, at Grand Rapids.—Decided
December 3, 1984. Leave to appeal applied for.

Carol S. Irons was elected to the 61st Judicial District Court to
fill the vacancy created by retiring District Court Judge Paul
A. Wright. Upon taking office, Judge Irons appointed her own
court recorder and secretary. Helen Johnson, who had been
appointed by Judge Wright as his court recorder and secretary,
was reclassified and transferred to an existing vacancy as a
deputy clerk and suffered a pay cut in the process. The 61st
Judicial District Court Employees Chapter of Local No. 1645,
affiliated with Michigan Council 25, AFSCME, AFL-Cio (union),
the union to which Johnson belonged, filed a grievance on her
behalf alleging several violations of the collective-bargaining
agreement between the 61st Judicial District Court and the
union. The grievance alleged that the district court abridged its
judicial discretion to hire and demote personnel outside of the
agreement, that there was no just cause for Johnson's demo-
tion, that the district court violated the bargaining agreement
by hiring out or subcontracting labor for a job which was being
done professionally and efficiently and that the district court
discriminated against Johnson. Judge Irons and the 61st Judi-
cial District Court filed a complaint against the union, Johnson,
and the American Arbitration Association in Kent Circuit
Court seeking to enjoin the defendants from arbitrating the
grievance filed by the union on behalf of Johnson, contending
that the dispute between the parties was not amenable to
resolution by arbitration because it did not involve the mean-
ing, interpretation or application of the agreement, but rather
a question of law. Defendants answered by contending that the

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 401.
[2] 73 Am Jur 2d, Statutes §§ 257, 381.
[3-5] 46 Am Jur 2d, Judges § 27.
[4, 5] 48A Am Jur 2d, Labor and Labor Relations § 1770.
  63A Am Jur 2d, Public Officers and Employees §§ 221, 226.

matter should be dismissed because the circuit court's jurisdiction in reviewing a question of arbitrability under a collective-bargaining agreement was limited to a determination of whether, on its face, the dispute was subject to arbitration. Both parties filed motions for summary judgment on the ground that, except as to the amount of damages, there was no genuine issue as to any material fact. The court, George R. Cook, J., held that Judge Irons had the authority pursuant to the court recorder statute to appoint her own recorder/secretary and that this was not a matter subject to arbitration under the collective-bargaining agreement. The court also held that the 61st Judicial District Court was without authority to summarily transfer Johnson to other duties at reduced pay and that this was clearly a matter subject to arbitration under the bargaining agreement. Each of the parties was granted partial summary judgment. Plaintiffs appealed and defendants cross-appealed. *Held:*

1. The trial court's determination that plaintiffs were not obligated to retain Johnson in the position of court recorder for Judge Irons is affirmed.

2. The trial court erred in determining that the 61st Judicial District Court was without authority to transfer Johnson to other duties without submitting the matter to arbitration. That part of the trial court's judgment granting partial summary judgment in favor of defendants is reversed.

3. Defendant's contention that the trial court exceeded its jurisdiction by granting plaintiffs partial summary judgment on the issue of whether plaintiffs were obligated to retain Johnson in the position of court recorder for Judge Irons is rejected.

Affirmed in part and reversed in part.

C. J. HOEHN, J., dissented. He would hold that, to the extent that the court recorder statute and the public employment relations act (PERA) conflict, PERA controls. He would affirm that part of the trial court's judgment granting partial summary judgment in favor of defendants' right to arbitration, reverse that part of the trial court's decision granting partial summary judgment to plaintiffs and order Johnson reinstated to the position of court recorder with full back pay in an amount to be determined.

### OPINION OF THE COURT

1. STATUTES — JUDICIAL CONSTRUCTION.

The most recently enacted statute generally controls where two statutes encompassing the same subject matter conflict.

2. STATUTES — JUDICIAL CONSTRUCTION.

The more specific of two statutes encompassing the same subject matter controls where the two statutes conflict.

3. COURTS — DISTRICT COURTS — JUDGES — COURT RECORDERS.

A district court judge has the right and the responsibility of selecting a court recorder at the beginning of the judge's tenure in office (MCL 600.8601 et seq.; MSA 27A.8601 et seq.).

4. COURTS — DISTRICT COURTS — JUDGES — COURT RECORDERS.

A district court's action in reassigning and transferring a court recorder to a lower paying position upon the retirement of the district judge who appointed her and the taking of office by that judge's successor, who appoints another person to act as his or her court recorder, is not subject to arbitration under a collective-bargaining agreement between the court employees' union and the court because the statute which provides that each district judge shall appoint his or her own court recorder takes precedence over conflicting terms of the public employment relations act (MCL 423.201 et Seq., 600.8601 et seq.; MSA 17.455[1] et seq., 27A.8601 et seq.).

DISSENT BY C. J. HOEHN, J.

5. COURTS — DISTRICT COURTS — JUDGES — COURT RECORDERS — PUBLIC EMPLOYMENT RELATIONS ACT — ARBITRATION.

*The tenure of a district court recorder is a proper subject for collective bargaining under the public employment relations act, and to the extent that the PERA and the court recorder statute conflict, PERA controls; therefore, a district court's action in reassigning and transferring a court recorder to a lower paying position upon the retirement of the district judge who appointed her and the taking of office by that judge's successor, who appoints another person to act as his or her court recorder, is subject to arbitration under a collective-bargaining agreement between the court employees' union and the court (MCL 423.201 et seq., 600.8601 et seq.; MSA 17.455[1] et seq., 27A.8601 et seq.).*

*Varnum, Riddering, Schmidt & Howlett* (by *Eugene Alkema* and *Jeffrey S. Rueble),* for plaintiffs.

*Doyle O'Connor,* for defendants.

Before: D. E. Holbrook, Jr., P.J., and R. M.
Maher and C. J. Hoehn,* JJ.

R. M. Maher, J. Plaintiffs appeal from a judg-
ment entered on June 14, 1983, granting partial
summary judgment in favor of defendants, pursu-
ant to GCR 1963, 117.2(3). Defendants cross-appeal
from the same judgment granting partial sum-
mary judgment in favor of plaintiffs pursuant to
GCR 1963, 117.2(3).

Carol S. Irons was elected to the 61st Judicial
District Court in November, 1982, and took office
on January 1, 1983. Judge Irons was elected to fill
the vacancy created by retiring District Court
Judge Paul A. Wright. Helen Johnson was ap-
pointed by Judge Wright and served as his court
recorder and secretary. Pursuant to MCL 600.8602;
MSA 27A.8602, Judge Irons appointed someone
other than Johnson to serve as her court recorder.
Johnson was reclassified and transferred to an
existing vacancy as Deputy Clerk II. While John-
son's seniority and benefits remained the same,
she suffered a pay cut as a result of the transfer.

The 61st Judicial District Court and the Court
Employees' Chapter of Local 1645 of the American
Federation of State, County and Municipal Em-
ployees (union) are parties to a collective-bargain-
ing agreement. The agreement was adopted pursu-
ant to the public employment relations act
(PERA), MCL 423.201 et seq.; MSA 17.455(1) et
seq., and provides for the resolution of disputes
arising under the contract through final and bind-
ing arbitration. Johnson is a member of the union
and is covered by the agreement which was negoti-
ated and executed prior to Judge Irons' election.
On December 27, 1982, the union filed a grievance
on behalf of Johnson alleging several violations of

* Circuit judge, sitting on the Court of Appeals by assignment.

the collective-bargaining agreement. The grievance alleged that the district court abridged its judicial discretion to hire and demote personnel outside of the agreement and that there was no just cause for Johnson's demotion. The grievance also alleged that the district court violated the agreement by hiring out or subcontracting labor for a job which was being done professionally and efficiently and that the district court discriminated against Johnson.

On March 17, 1983, plaintiffs filed a complaint seeking to enjoin defendants from arbitrating the grievance filed by the union on behalf of Johnson. Plaintiffs alleged that the dispute between the parties was not amenable to resolution by arbitration because it did not involve the meaning, interpretation or application of the agreement, but rather a question of law. Defendants filed an answer and affirmative defense on April 15, 1983. Defendants contended that the matter should be dismissed because the circuit court's jurisdiction in reviewing a question of arbitrability under a collective-bargaining agreement was limited to a determination of whether, on its face, the dispute was subject to arbitration. Plaintiffs filed a motion for summary judgment pursuant to GCR 1963, 117.2(3) on April 19, 1983. Sometime thereafter, defendants filed a motion for summary judgment, presumably on the same grounds. A hearing was held on May 5, 1983.

The trial court issued a written opinion on May 10, 1983. The trial court held that Judge Irons had the authority pursuant to the court recorder statute to appoint her own recorder/secretary and that this was not a matter subject to arbitration under the collective-bargaining agreement. The trial court also held that the 61st Judicial District Court was without authority to summarily trans-

fer Johnson to other duties at reduced pay. The trial court concluded that this was clearly a matter subject to arbitration under the bargaining agreement. In a judgment entered on June 14, 1983, each of the parties was granted partial summary judgment in accordance with the terms of the trial court's opinion.

Plaintiffs have appealed from the trial court's determination that the transfer of Johnson to other duties was a matter subject to arbitration under the collective-bargaining agreement. Plaintiffs contend that Judge Irons had the right under MCL 600.8602; MSA 27A.8602 to decline to appoint Johnson to the position of Judge Irons' court recorder and that the result of this decision was not a demotion of Johnson because her tenure as a court recorder had already expired automatically when Judge Wright, the judge who appointed her, retired. Since MCL 600.8601; MSA 27A.8601 provides that there is to be one court recorder per judge in the district court, Johnson necessarily had to be placed in another position. The district court's right to transfer Johnson, according to plaintiffs, could not, therefore, be a subject of arbitration under the collective-bargaining agreement although the question of whether the court made a proper reassignment, considering Johnson's seniority and ability, is arbitrable.

Defendants have cross-appealed from the trial court's determination that MCL 600.8602; MSA 27A.8602 prevails over PERA to the extent of permitting Judge Irons to refuse to reappoint an incumbent court recorder who was properly performing her duties. Defendants argue that PERA prevails over all conflicting state statutes (with two limited and inapplicable exceptions) and therefore prevails over Judge Irons' statutory right to appoint a court recorder other than Johnson.

Thus, according to defendants, every step of the conflict involved here is subject to arbitration pursuant to the collective-bargaining agreement, from the removal of Johnson, to her subsequent transfer to other duties, and to the selection of those other duties. Defendants also argue that the trial court exceeded its jurisdiction by extending its inquiry beyond the question of whether defendants were making a claim which on its face was governed by the contract.

Before proceeding to the specific issues involved in this case, it is important to recognize what issues are not implicated. This case does not involve the question of whether or not district courts are public employers which may enter into collective-bargaining agreements which limit their general statutory right to hire and fire employees. The parties agree that the Supreme Court settled this question by holding that district courts are public employers within the meaning of PERA in *Judges of the 74th Judicial Dist v Bay County*, 385 Mich 710; 190 NW2d 219 (1971). In addition, plaintiffs do not argue that the *position* of court recorder/secretary to a district court judge is exempt from PERA.[1] Finally, this case does not implicate the question of whether a district court judge, having appointed a court recorder pursuant to MCL 600.8602; MSA 27A.8602, may subsequently terminate the court recorder's employment for reasons other than those agreed upon by the district court and the union after collective bargaining. Instead, this appeal addresses only the question of whether

[1] To the extent that plaintiffs may have raised this issue in their original brief on appeal, we reject their argument that the court recorder/secretary position is a sensitive position which requires the trust and confidence of the district court judge to such an extent that the position is exempt from PERA. *Judges of the 74th Judicial Dist v Bay County, supra; Teamsters Union Local 214 v 60th Dist Court,* 417 Mich 291; 335 NW2d 470 (1983), affirming and adopting the opinion of this Court at 102 Mich App 216; 302 NW2d 203 (1980).

or not a district court judge may appoint as her court recorder a person other than the court recorder who was serving the preceding district court judge at the time he or she left the court.

The Supreme Court has determined that it is the Legislature's intent that public employee labor relations be governed by PERA. *Pontiac Police Officers Ass'n v Pontiac,* 397 Mich 674, 682; 246 NW2d 831 (1976). Thus, the Supreme Court "has consistently construed the PERA as the dominant law regulating public employee labor relations". *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616, 629; 227 NW2d 736 (1975), *app dis* 427 US 901; 96 S Ct 3184;49 L Ed 2d 1195 (1976). Pursuant to this construction, the Supreme Court has rejected various assertions by public employers that they were excepted from the duty to bargain imposed by PERA by virtue of conflicting constitutional provisions, statutes, charters and municipal ordinances. In the past, the Supreme Court has held that PERA prevails to the extent of the conflict over the status accorded public universities by Const 1963, art 8, § 5 *(Central Michigan University Faculty Ass'n v Central Michigan University,* 404 Mich 268; 273 NW2d 21 [1978]); over the county civil service act, MCL 38.401 *et seq.;* MSA 5.1191(1) *et seq. (Wayne County Civil Service Comm v Board of Supervisors,* 384 Mich 363; 184 NW2d 201 [1971]); over a city charter and the Fire and Police Civil Service Act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq. (local 1383, International Ass'n of Fire Fighters, AFL-CIO v City of Warren,* 411 Mich 642; 311 NW2d 702 [1981]); and over the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq. (Rockwell v Crestwood School Dist Bd of Ed, supra).*

However, the Supreme Court has found that, on two occasions, as a matter of statutory construc-

tion, PERA did not supersede a conflicting law. In *In the Matter of the Petition for a Representation Election Among Supreme Court Staff Employees,* 406 Mich 647; 281 NW2d 299 (1979), the Supreme Court held that Const 1963, art 3, § 2, considered with Const 1963, art 4, § 48, precluded a Michigan Employment Relations Commission determination that PERA was applicable to employees of the Supreme Court. The Supreme Court held that the application of PERA to the Court would violate the constitutional mandate of separation of powers. Again, in *Council No 23, Local 1905, AFSCME v Recorder's Court Judges,* 399 Mich 1; 248 NW2d 220 (1976), the Supreme Court applied the rules of statutory construction to determine (in two separate opinions) that the probation officer removal statute, MCL 771.10; MSA 28.1140, prevailed over a conflicting provision of PERA.

In this case, we conclude that application of the rules of statutory construction supports a finding that the Legislature intended MCL 600.8602; MSA 27A.8602 to prevail over PERA to the limited extent at issue in this case. PERA, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* which establishes the right of public employees, with some exceptions, to form labor unions and bargain collectively with their employers as to the terms and conditions of employment, was passed in 1965. Three years later, the Legislature established the district court system, including in the system the provisions at issue here. In general, where two statutes which encompass the same subject matter conflict, the later enacted statute controls. *People v Flynn,* 330 Mich 130, 141; 47 NW2d 47 (1951). In addition, PERA encompasses the general subject of labor relations between public employers and their employees, while MCL 600.8602; MSA 27A.8602 deals with the specific issue of the appointment of dis-

trict court recorders. Again, where two statutes which encompass the same subject matter conflict, the more specific statute will control. *People v Shaw,* 27 Mich App 325, 326; 183 NW2d 390 (1970), *lv den* 385 Mich 760 (1971). Finally, we believe that the language of Chapter 86 of the district court act, MCL 600.8601 *et seq.;* MSA 27A.8601 *et seq.,* which deals exclusively with district court recorders and stenographers, reveals a strong intention on the part of the Legislature that a district court judge have the right and responsibility of *selecting* a court recorder at the beginning of the judge's tenure in office. MCL 600.8601; MSA 27A.8601 provides that "[t]here shall be 1 district court recorder or stenographer for each judge of the district court * * *". This provision is immediately followed by MCL 600.8602; MSA 27A.8602 which provides that "[e]ach judge of the district court shall appoint his own recorder or stenographer". Thus, the Legislature created a system in which there was a one-to-one relationship between judge and court recorder, and in which the recorder was identified as being the judge's "own" recorder. We also note that the Legislature made the "appointment" decision the obligation and responsibility of each individual judge. We therefore conclude that the Legislature intended the requirements of MCL 600.8602; MSA 27A.8602 to prevail over the more general obligation to collectively bargain provided by PERA and affirm the trial court's determination that plaintiffs were not obligated to retain defendant Johnson in the position of court recorder for Judge Irons.

However, this analysis also leads us to reject the trial court's determination that, although Judge Irons was not required to reappoint Johnson as court recorder, the 61st District Court was never-

theless without authority to transfer Johnson to other duties without submission to arbitration. Because the Legislature specifically designed the district court system with a one-to-one relationship between judges and court recorders, there is a finite number of court recorder positions available in the court. The court is not permitted under the legislative scheme to create a new court recorder position to accommodate Johnson or any other court recorder not appointed by an incoming judge. Thus, the only alternatives available to the court would be placement of such a court recorder in another court recorder position or placement in some other position. The Legislature's emphasis on the responsibility of *"each"* judge to choose his or her *"own"* recorder persuades us that the Legislature could not have contemplated the first alternative. Such a system would severely impair the judges' right and responsibility to appoint his or her own recorder. We therefore reverse the trial court's determination that the district court's placement of defendant Johnson in a different position was subject to arbitration under the collective-bargaining agreement.[2]

Defendants' final contention on appeal is that the trial court exceeded its jurisdiction by granting plaintiffs partial summary judgment on the first issue. We disagree. The trial court did not "make its own interpretation of the substantive provisions of the contract encompassing the merits of the dispute", but rather held that the question of appointment of a court recorder was wholly outside the parameter of the collective-bargaining agreement.

Affirmed in part and reversed in part.

[2] Because we have reached this result, we do not find it necessary to reach plaintiffs' further proposals for interpreting MCL 600.8602; MSA 27A.8602.

D. E. Holbrook, Jr., P.J., concurred.

C. J. Hoehn, *(dissenting)*. The cogent, well-written majority opinion recognizes that the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* is the dominant policy of this state in regard to public employee relations. In no instance has the Michigan Supreme Court by majority opinion made an exception to PERA unless such exception was constitutionally mandated.[1]

In areas of conflict between the teacher tenure act and PERA, that Court has consistently held the provisions of the tenure act to be a proper subject for collective bargaining. *Kaleva-Norman-Dickson School Dist No 6, Counties of Manistee, Lake & Mason v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975).

"This Court has consistently construed the PERA as the dominant law regulating public employee labor relations. In *Detroit Police Officers Association v Detroit,* 391 Mich 44; 214 NW2d 803 (1974), we held that residency and retirement benefits are mandatory subjects of collective bargaining under the PERA, although provisions of a city's ordinance and charter, promulgated under the home-rule act, would otherwise govern. Earlier, in *Regents of the University of Michigan v Employment Relations Commission,* 389 Mich 96; 204 NW2d 218 (1973), this Court 'harmonized' the constitutional authority of the Regents to supervise the university and the authority of the Legislature to provide for the resolution of public employee disputes, holding that interns and residents in the University of Michigan Hospital were entitled to engage in collective bargaining. In *Wayne County Civil Service Commission v*

[1] *Council No 23, Local 1905, AFSCME v Recorder's Court Judges,* 399 Mich 1; 248 NW2d 220 (1976), involved a 3-3 split with Justice Williams casting the deciding vote in a separate opinion. Not a majority.

*Board of Supervisors,* 384 Mich 363, 374; 184 NW2d 201
(1971), this Court held that the original authority and
duty of the Wayne County Civil Service Commission
'was diminished *pro tanto'* by the PERA 'to the extent
of free administration of the latter'.

The analysis is the same whether we label this recon-
ciliation repeal by expression or by implication, *pro
tanto* diminishing or harmonizing. The supremacy of
the provisions of the PERA is predicated on the Consti-
tution (Const 1963, art 4, § 48) and the apparent legisla-
tive intent that the PERA be the governing law for
public employee labor relations." (Footnotes omitted.)
*Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich
616, 629-630; 227 NW2d 736 (1975). See also *Lanting v
Jenison Public Schools,* 103 Mich App 165, 169; 302
NW2d 631 (1981).

In the instant case, the majority reads MCL
600.8602; MSA 27A.8602 as being inconsistent
with PERA. Insofar as the statutes are in conflict,
the foregoing edict of the Supreme Court requires
this Court to harmonize and minimize the conflict
to the extent possible. By holding the tenure of the
district court recorder to be a proper subject for
collective bargaining, the statutes are readily har-
monized and the paramount public policy of the
state implemented.

There is no necessity to indulge in statutory
interpretation to determine the intent of the Legis-
lature, since that intent has been repeatedly an-
nounced by the Supreme Court. To the extent that
conflicting laws cannot be harmonized, PERA con-
trols.

A question arises about the application of the
statute upon which Judge Irons relied. MCL
600.8601 *et seq.;* MSA 27A.8601 *et seq.* is part of
an act which had as its purpose the establishment
of a recording system for the newly created dis-
trict court system so it could begin to carry out its
duties. This purpose having been fulfilled in 1969,

MCL 600.8601; MSA 27A.8601 is no longer efficacious.

As to the trial court's granting of summary judgment in favor of defendants' right to arbitration, I would affirm.

This Court's opinion assumes without evidence that no recorder positions are available in the city. It assumes that there is only one recorder per district judge and that no vacation, sick leave, or overtime relief is available. The trial judge's finding that Judge Irons had a right to appoint her own recorder limited the area of arbitration to what position Johnson should be transferred to and what her rate of pay should be.

I would reverse that part of the trial court's decision granting partial summary judgment to plaintiffs and order Johnson reinstated to the position of court recorder with full back pay in an amount to be determined.