UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC v CITY OF
FRANKFORT

Docket No. 79593. Submitted February 11, 1985, at Lansing. Decided
July 21, 1986.

The United Steelworkers of America, AFL-CIO-CLC, filed a petition
with the Michigan Employment Relations Commission request-
ing an election in a bargaining unit composed of all secretaries
and full- and part-time assessors employed by the City of
Frankfort. The proposed unit included two employees, a secre-
tary, who was also the part-time city assessor, and the secre-
tary to the city superintendent. The union already represented
the nonsupervisory employees of the city in the department of
public works and it sought to add the unrepresented office
clerical employees to its existing bargaining unit. MERC ruled
that the superintendent's secretary was excluded from the
bargaining unit as a confidential employee, but that the secre-
tary and part-time city assessor could be included in the
bargaining unit. The city appealed as of right from that portion
of the ruling relating to the secretary and part-time city
assessor. *Held:*

The secretary and part-time city assessor spent the greater
share of her employment time as a secretary. She was therefore
properly included by MERC in the bargaining unit. However,
had she been a full-time city assessor, she would have been an
executive for purposes of the public employment relations act
and would have been excluded, as a matter of law, from the
bargaining unit on the basis of her executive status.

Affirmed.

E. M. THOMAS, J., concurred. He noted that the executive
exclusion does not prohibit employees in executive positions
from organizing, but only prevents their inclusion in a bargain-
ing unit consisting of nonexecutive employees, and that
whether a particular employee has executive status is properly

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764 *et seq.,* 1787 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Labor
and Labor Unions.

a factual determination which must be made by MERC on a case-by-case basis. He concluded that, in this case, MERC did not err in ruling that the part-time assessor was not an executive and was therefore not barred from being included in the union's bargaining unit.

OPINION OF THE COURT

1. LABOR RELATIONS — PUBLIC EMPLOYEES — COLLECTIVE BARGAINING UNITS — EXCLUDED EMPLOYEES — EXECUTIVES — PUBLIC EMPLOYMENT RELATIONS ACT.

A full-time city assessor, who is responsible for performing the duties of city assessor pursuant to statutes and the city charter, is an executive for purposes of the public employment relations act and may not be included in a collective bargaining unit representing other city employees (MCL 423.9e; MSA 17.454[10.4]).

CONCURRENCE BY E. M. THOMAS, J.

2. LABOR RELATIONS — PUBLIC EMPLOYEES — PUBLIC EMPLOYMENT RELATIONS ACT.

*Public employees, under the public employment relations act, have the right to organize together to bargain collectively with their employer and to freely choose an exclusive collective bargaining representative (MCL 423.209; MSA 17.455[9]).*

3. LABOR RELATIONS — PUBLIC EMPLOYEES — COLLECTIVE BARGAINING UNITS — EMPLOYMENT RELATIONS COMMISSION — PUBLIC EMPLOYMENT RELATIONS ACT — APPEAL.

*The Michigan Employment Relations Commission shall determine the appropriate collective bargaining unit as will best secure to the employees their right of collective bargaining; the Court of Appeals, in reviewing such a determination, must determine whether such decision by the Michigan Employment Relations Commission is contrary to law, and if not, whether supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 423.9e, 423.23[2][e]; MSA 17.454[10.4], 17.454[25][2][e]).*

4. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — STATUTES.

*The public employment relations act prevails over conflicting legislation, municipal charters, and ordinances regarding public employers' powers; it must be regarded as the dominant law regulating labor relations in public employment (MCL 423.201 et seq.; MSA 17.455[1] et seq.).*

5. Labor Relations — Public Employees — Collective Bargaining
   Units — Excluded Employees — Executives — Public Em-
   ployment Relations Act.
   *Municipal employees, who are executives for purposes of the
   public employment relations act, are not as a matter of law
   prevented from joining a collective bargaining unit; rather, the
   Michigan Employment Relations Commission shall, on a case-
   by-case basis, determine whether such executives can be mem-
   bers of a collective bargaining unit; in making such a determi-
   nation, the Michigan Employment Relations Commission shall
   consider factors such as the extent of the executives' authority,
   the scope of their responsibilities, the interchangeability of
   their functions with other executives, and the number of execu-
   tive positions relative to the size of the organization (MCL
   423.9e; MSA 17.454[10.4]).*

*Kim Arthur Siegfried,* for petitioner.

*Joan Swartz McKay,* for respondent.

Amicus Curiae:

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper*
(by *Jack R. Clary* and *John H. Gretzinger*), for the
Michigan Municipal League.

Before: D. E. Holbrook, Jr., P.J., and Allen and
E. M. Thomas,* JJ.

Allen, J. The facts of this case are sufficiently
set forth in the concurring opinion, and will not be
repeated herein. Because Margaret Sanders spent
the greater share of her employment time as a
secretary and only served as a city assessor on a
part-time basis, we agree with the Michigan Em-
ployment Relations Commission's order including
the city assessor position in the collective bargain-
ing unit. Accordingly, we affirm.

However, had Margaret Sanders been a full-time
city assessor, we would not hesitate "to rule as a

---

* Recorder's court judge, sitting on the Court of Appeals by assign-
ment.

matter of law," that she should "be excluded from a bargaining unit as an executive." In our opinion, a person occupying a full-time position of assessor and responsible for performing the statutory and charter duties of city assessor is an "executive" under § 9e of the public employment relations act. MCL 423.9(e); MSA 17.454(10.4). No position in city government is more intimately related to policy-making than the assessor's. Anticipated revenues are largely based on the assessments of real and personal property made by the assessor's office. In turn, the revenues become the base upon which a city budget is made.

Accordingly, we disagree with *Berlin Twp,* 1983 MERC Lab Op 1054, to the extent that it stands for a rule that the exercise of the statutory duties of an assessor will not make an employee an executive under PERA. In situations where the position is a full-time position, we believe that the exercise of such statutory duties, whether personally performed or performed by others under the supervision of the assessor, does make the assessor an "executive."

Affirmed.

E. M. THOMAS, J. *(concurring.)* This action arises from a petition filed with the Michigan Employment Relations Commission requesting an election in the bargaining unit composed of two employees of appellant City of Frankfort. MERC determined the bargaining unit should include one employee, a secretary/part-time assessor. The city appeals as of right.

On August 15, 1983, appellee United Steelworkers of America (union) filed a petition for an election in a bargaining unit composed of "all secretaries and full/part-time assessors." The proposed unit included two employees, a secretary/

part-time assessor and the secretary to the city superintendent. The union already represented the nonsupervisory employees employed by the city in the department of public works, and sought to add the unrepresented office clerical employees to its existing bargaining unit.

The city took the position that the superintendent's secretary should be excluded as a confidential employee, and the secretary/part-time assessor should be excluded as an executive employee. MERC excluded the superintendent's secretary from the bargaining unit. The union does not appeal this ruling.

The second employee, Margaret Sanders, was employed both as a secretary for the city clerk and as city assessor. She is paid on an hourly basis for thirty-five hours per week for her secretarial work. In addition, Sanders was appointed as city assessor. This was a part-time position with the work to be done outside Sanders' seven-hour, five-day secretarial work week. However, during particular times of the year when new assessments and tax bills were prepared, Sanders performed some of her assessor's duties during her clerical time. As city assessor, only the city council had the authority to discharge Sanders or supervise her work. Sanders' work as assessor consisted of the statutory duties of the office—assessing real and personal property, preparation of the assessment and tax roles, serving as secretary to the board of review, and representing the city before the Tax Tribunal.

MERC determined that Sanders was properly included in the bargaining unit and ordered an election:

> With regard to the secretary-assessor, we find no basis for departing from our recent decision in

*Berlin Township,* [1983 MERC Lab Op 1054]. The job duties of the assessor in the instant case are similar to the assessor in the *Berlin* case, and the fact that the assessor herein reports directly to the council, rather than to the superintendent, does not change the nature of the job duties. Also, the fact that the assessor is an appointed position, rather than being hired through other means, is not significant, since we have held that the fact of appointment does not affect employee status. *City of Burton,* 1976 MERC Labor Op 555, 558; *Brownstown Township,* 1970 MERC Lab Op 726, 729. Accordingly, we conclude that the secretary-assessor is a public employee and eligible to be represented in the unit sought by the Union.

Under the public employment relations act, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* public employees are granted the right to organize together to bargain collectively with their employer and freely choose a bargaining representative. MCL 423.209; MSA 17.455(9). MCL 423.211; MSA 17.455(11) provides that "[r]epresentatives designated or selected for purposes of collective bargaining by the majority of employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the public employees in such units for the purposes of collective bargaining . . . ." Under MCL 423.213; MSA 17.455(13), the "unit appropriate" is to be determined by MERC as provided in MCL 423.9e; MSA 17.454(10.4), which states:

The commission, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer in 1 plant or business enterprise within this state, *not holding executive or supervisory positions,* or a craft unit, or a plant unit, or a subdivision of any of the foregoing units.

If the group of employees involved in the dispute was recognized by the employer or identified by certification, contract, or past practice, as a unit for collective bargaining, the commission may adopt that unit. [Emphasis added.]

In reviewing MERC's bargaining-unit determination, this Court must determine if MERC's decision is contrary to law, and if not, whether supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 423.23(2)(e); MSA 17.454(25)(2)(e); *Regents of the University of Michigan v Employment Relations Comm,* 389 Mich 96, 101-103; 204 NW2d 218 (1973).

On appeal, the city argues that under the home rule cities act, MCL 117.1 *et seq.;* MSA 5.2071 *et seq.,* and Const 1963, art 7, § 22, the city council has the right to control the selection of its officers, including the city assessor, and the manner in which their duties are performed, and that MERC's order including the city assessor in the collective bargaining unit impermissibly conflicts with the city's power under the home rule cities act.

The courts have consistently held that PERA prevails over conflicting legislation, charters, and ordinances, and construed PERA as the dominant law regulating public employee labor relations. See *Local 1383, International Ass'n of Fire Fighters, AFL-CIO v City of Warren,* 411 Mich 642; 311 NW2d 702 (1981); *Irons v 61st Judicial District Court Employees,* 139 Mich App 313, 320; 362 NW2d 262 (1984). In *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44; 214 NW2d 803 (1974), the Supreme Court addressed an apparent conflict between the home rule cities act and PERA. There, the City of Detroit incorporated a retirement plan into its charter pursuant to MCL 117.4i, 117.4j;

MSA 5.2082, 5.2083 of the home rule cities act. The city argued that the retirement plan could not be altered without voter approval. The union argued that the retirement plan was a mandatory subject for collective bargaining under PERA. The Court found that the statutes were not in conflict since the home rule cities act only required the charter to contain a general grant of authority to maintain a retirement plan. Thus, the substantive terms of the retirement plan did not have to be voter-approved and were properly determined through collective bargaining, as required by PERA.

In the present case, the home rule cities act requires the city to provide for the election or appointment of an assessor, MCL 117.3; MSA 5.2073, and the duties of the assessor are defined by statute. However, requiring the city to bargain under the provisions of PERA would not significantly restrict the city's power to implement its policies. The city's power to self-govern would only be restricted if the scope of the assessor's duties were subject to collective bargaining. Such potential problems do not eliminate the assessor's right to bargain collectively in other areas. See *Regents of the University of Michigan v Employment Relations Comm, supra,* pp 108-109.

Amicus curiae on appeal also argues[1] that city assessors, whether appointed or elected,[2] are public officials who effectuate state and city taxation and special assessment policies through the performance of their statutory duties and should be

---

[1] We granted the Michigan Municipal League's request to file an amicus curiae brief. The league argues in support of the city's position in this case.

[2] Section 3 of the home rule cities act, MCL 117.3; MSA 5.2073, provides that each city charter must provide for the election or appointment of an assessor or board of assessors. The Frankfort City Charter includes the city assessor as one of the four appointed officers of the city, along with the superintendent, clerk-treasurer, and chief of police.

classified as executives with no right to participate in collective bargaining.

Contrary to amicus curiae's argument, the executive exclusion does not prohibit employees in executive positions from organizing; it prevents their inclusion in a bargaining unit consisting of nonexecutive employees. MCL 423.9e; MSA 17.454(10.4); *Detroit Bd of Ed v Local 28, OSAS,* 106 Mich App 438, 443, n 2; 308 NW2d 247 (1981), lv den 413 Mich 859 (1982). Moreover, MERC has adopted a case-by-case approach to determine whether the executive exclusion applies. *City of Detroit Dep't of Transportation v Dep't of Transportation Foreman's Ass'n,* 109 Mich App 141, 143; 311 NW2d 319 (1981), lv den 413 Mich 902 (1982). The definition of executive employees includes "policy making heads of major departments" and employees who exercise "broad discretion, even if it is only in regard to effectuating management policy." *City of Grand Rapids,* 1979 MERC Labor Op 198; *Dep't of Transportation Foreman's Ass'n, supra,* p 143.

I disagree with the majority's hypothetical position that, as a matter of law, a person performing only the statutory duties of a city assessor must always be excluded from a bargaining unit as an executive. The executive exclusion, as applied to public employees, is based on MERC's power to delineate appropriate bargaining units. *Dearborn School Dist v Labor Mediation Bd,* 22 Mich App 222, 228; 177 NW2d 196 (1970). In making such determination, MERC must determine a bargaining unit "as will best secure to the employees the right of collective bargaining." MCL 423.9e; MSA 17.454(10.4). I believe MERC, in so doing, should properly consider numerous factors such as the extent of the employee's authority, scope of responsibility, the interchangeability of functions

with other executives, and the number of executive positions relative to the size of the organization. See *Dep't of Transportation Foreman's Ass'n, supra,* p 143; *Detroit Bd of Ed v Local 28, OSAS, supra,* p 444. Accordingly, whether a particular employee has executive status is properly a factual determination which must be made on a case-by-case basis.

Here, in determining that Sanders should be included in the bargaining unit sought by the union, MERC relied on its decision in *Berlin Twp, supra.* The city argues that *Berlin Twp* is distinguishable because in that case the employee was appointed to assist the assessor, the township superintendent, rather than reporting directly to the city council as in the present case. MERC found that Sanders' job duties were similar to those of the assessor in the *Berlin Twp* case, and the fact that Sanders reports directly to the city council, rather than the superintendent, did not change the nature of those job duties. It cannot be said that MERC erred as a matter of law in relying on its decision in *Berlin Twp.* The fact that she reports directly to the city council is only one of several factors to be considered in determining whether Sanders has executive status.

My views on the executive status of a hypothetical full-time city assessor having been stated, I concur in the conclusion that MERC's decision was supported by competent, material, and substantial evidence. The facts show that Sanders spent the majority of her time working as a secretary. As assessor, the degree of her decision-making or discretion is not so great as to intrinsically connect her with the city's policy making. The assessor's discretion is limited to determining what property is to be taxed, the classification of property to be taxed, and the method of valuation. Thus, the city

assessor may influence the amount of money to be received by the city, but does not determine how much will be spent. Further, the assessor's discretion is limited to taxing decision made within the parameters of the statutes. Thus, while Sanders has some executive-type responsibilities, in view of the fact that the majority of her work is secretarial, I believe MERC properly included her in the bargaining unit.